## JENNINGS *v.* WILLIAMS.

No. 6505. JANUARY 15, 1929.

*Homer C. Denton,* for plaintiff in error.
*McElreath & Scott* and *J. Lon Duckworth,* contra.

HILL, J. Burton Williams brought his equitable petition against Mrs. Alice Benton Jennings, and alleged in substance the following. The defendant is the owner of lot D-2 in Oakdale Estates, Fulton County, Georgia, according to plat recorded in Plat Book 11, page 62, Fulton County, Georgia. Plaintiff owns the following described property: "all that tract or parcel of land lying and being in land lot 11 of the 14th district of Fulton County, Georgia, being lot No. 26 of the C. D. Coker property, as per plat of O. I. Freeman, C. E., April, 1925, and more particularly described as follows: commencing at a point on the north side of Berne Street, 819.3 feet west of Woodland Avenue, running thence north 251.1 feet, thence southwesterly 62.1 feet, thence 205.9 feet to the north side of Berne Street, thence east along the north side of Berne Street 49.6 feet to the point of beginning." On July 12, 1926, plaintiff and defendant entered into a contract as follows: "Atlanta, Ga., July 12th, 1926. I hereby agree to purchase the house of Burton Williams at # 37 Berne St., Ormewood Park, for the sum of seven thousand dollars ($7,000.00). Said property to be free and unincumbered, with'the exception of a loan of thirty-five hundred dollars ($3500.00) owing to Tilson & McKinley. It is also understood that all sewer and interest assessments now against said property is to be deducted from the purchase-price. That the seller is to install fixtures (electric), to put in cellar door and window, and to attend to other minor details of this nature. The unexpired insurance now on house to be turned over to purchaser. Having paid one thousand dollars cash ($1,000.00), I agree also to deed to the said Burton Williams my lot # D-2 in Oakdale Estates, same to be free and unincumbered, for the sum of seventeen hundred and fifty dollars ($1750.00), and to assume loan of Tilson & McKinney. The balance due, after deducting sewer and interest assessments now due, I agree to pay by monthly notes of $25.00 each. Transfer of property to be made on or before Aug. 1st, 1926." Plaintiff alleges that he has offered repeatedly to comply with his part of the contract, and is now ready, willing, and able, and offers to comply with the same, but that the defendant has failed and still fails and refuses to comply with her part of the contract. Plaintiff has been to considerable expense in making all of the repairs called for in the contract, and has done everything required of him under said contract, and has

so notified the defendant; and plaintiff tenders to the defendant a deed to the property described above, and makes this tender a continuing one. Plaintiff has requested defendant to deed to him the property owned by her, and to execute and deliver to him the necessary notes for $25 each called for by the contract; and the defendant has failed and refuses to do so. Plaintiff has no adequate remedy at law. He prays for specific performance of the contract; and that the defendant be temporarily and permanently restrained and enjoined from in any way changing the status of the real estate described in paragraph 2 of the petition; and for general relief.

The defendant demurred to the petition, on various grounds, among others, that plaintiff has a complete and adequate remedy at law in a suit for damages, the defendant not being alleged to be insolvent. She demurs specially to paragraph 5 of the petition, on the ground that it is vague and indefinite and does not show what plaintiff has done in the way of repairs, or what amount of money he has spent thereon, or how or to whom he has offered to carry out his part of the contract, etc. The court overruled the demurrer, and the defendant filed exceptions pendente lite. She filed an answer denying the material allegations of the petition and specifically averring that the contract was made on July 11, 1926, and that the offer was made to Mrs. Dill, and not to the plaintiff, with the distinct understanding that she could rescind the offer within the next two weeks; that defendant notified Mrs. Dill immediately thereafter of her intention to rescind and withdraw her offer, which had not at the time been accepted by the plaintiff, nor has it ever been accepted by him so far as defendant knows; that defendant has not done any act towards repairing the house as set out in the contract, etc. On the trial the jury returned a verdict in favor of the plaintiff. The defendant made a motion for new trial, which was overruled, and she excepted.

1. The contract was sufficiently definite to be the basis of an action for specific performance, and the court did not err in overruling the demurrer. *Mendel* v. *Dobbs,* 167 *Ga.* 604.

2. In addition to the general grounds the motion for new trial was based upon seven special grounds. Ground 1 alleges error because the court admitted the following documentary evidence over the objection of defendant's counsel: (a) deed dated July 15, 1926, from Burton Williams to Mrs. Alice B. Jennings, to prop-

erty known as 370 Berne Street; (b) contract dated July 12, 1926, signed by Mrs. Alice B. Jennings and Burton Williams, by Mrs. Fanny Dill. Counsel for the defendant objected to the admission of the deed, on the grounds that it was irrelevant, immaterial, and prematurely offered, and that there was no competent evidence on behalf of plaintiff that he owned the Berne Street property; nor did the pleadings authorize the presumption that plaintiff owned the property. Defendant's counsel also objected to the contract, on the ground that it did not describe the property therein referred to; and because of the following testimony of Mrs. Dill: "I do not know what county or district Oakdale Estates is in;" and because the plaintiff also testified, relatively to the description of the property, as follows. "I could not tell you what county Oakdale Estates is in." These contentions are without merit. The plaintiff alleged in his petition that the defendant owned the lot No. D-2 in Oakdale Estates, according to plat recorded in Plat Book 11, p. 62, Fulton County, Georgia, records, and that he had tendered her a deed in compliance with the contract after he had complied with all the conditions imposed upon him by the contract. The plat shows that the property was located in Fulton County, and Mrs. Dill subsequently testified unequivocally that the property in controversy was located in Fulton County. The evidence objected to was not inadmissible for any reason assigned.

3. "An exception to a refusal of the court to grant a nonsuit will not be considered by this effort, where the defendants made a motion for new trial, one ground of which complains that the verdict is contrary to the evidence." *Massell Realty Co.* v. *Hanbury*, 165 *Ga.* 534 (9) (141 S. E. 653) ; *Martin* v. *Yonce*, 163 *Ga.* 694 (4) (137 S. E. 17).

4. Grounds 3 and 6 of the motion for new trial complain that the court erred in ruling out the following testimony offered by the defendant: "I don't own or have any interest in lot D-2 Oakdale Estates. I sold it to Mr. L. R. Pierson on August 10, 1926. He had been wanting to buy this lot from me for a good long time. At the time I sold this property to Mr. Pierson, he lived in Greensboro, N. C. He now lives in Atlanta, but I don't know the exact date he moved here. I made and executed a deed to said property to Mr. Pierson on August 10, 1926, and delivered

it to him. I have not access to the deed that was made to this lot I sold in Oakdale Estates, and don't know where the deed is. I don't know anything about where he keeps his deeds. He travels and is out of the city, and his wife is with him. I don't know where he keeps his papers, and I have no way of getting that deed to bring into court at this time. I know it has been recorded in the clerk's office of the superior court of Fulton County." The defendant also offered in evidence deed book No. 568, p. 365, of Fulton County records, containing the record of a warranty deed dated July [August?] 10, 1926, conveying lot No. 2 in Block D, Oakdale Estates, Fulton County, Georgia, to L. R. Pierson, and executed by Mrs. Alice B. Jennings. The deed book was also ruled out, and the defendant excepted to such ruling. The court did not err in ruling out the testimony offered, for the reason assigned, that the absence of the original deed was sufficiently accounted for; and in refusing to admit in evidence the record book of the county.

5. Grounds 4, 5, and 7 are merely elaborations of the general grounds.

6. It is insisted by plaintiff in error that at the time of the bringing of the suit and at the time of trial the defendant did not own lot No. 2 in Block D of Oakdale Estates, and consequently the verdict was not authorized by the evidence. The petition and evidence, including the contract, does show that at the time of the making of the contract the defendant did own the property in Oakdale Estates. The record does disclose that the defendant endeavored to show by the deed record that she had executed a deed to one Pierson to this property on August 10, 1926, after the execution of the contract; but the court did not permit that record to go in evidence, nor the defendant to testify orally that she had executed a deed to Pierson to that property, and we think that the court below correctly so ruled. There is nothing in the record to indicate that the defendant had served any sort of notice on the grantee in the deed to produce the deed, or that such a notice could not have been served; and even if that had been done and the deed had been introduced in evidence, it would have shown that it was executed to L. R. Pierson; and the jury might properly infer from these circumstances that the property was transferred to a third party for the purpose of defeating specific performance of the contract as executed between the plaintiff and the defendant. From a

consideration of the pleadings and evidence the jury was authorized to find in favor of specific performance of the contract. The evidence for the plaintiff showed that he had complied with his part of the contract before the suit was brought, and that the defendant did not comply with her part of the contract. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*