BUSH *et al.* *v.* WILLIS.

No. 6530.  JANUARY 23, 1929.

720

*C. C. Crockett* and *George S. Peck,* for plaintiffs in error.

*S. W. Sturgis,* contra.

HILL, J. (After stating the foregoing facts.)

■ At the appearance term O. B. Bush filed a plea to the jurisdiction, alleging that he resided in Fulton County, that no substantial relief was prayed against Mrs. C. B. Bush, who resided in Laurens County, and that the other defendant, the Hillandale Nursery Company had not been served with process, and therefore that the superior court of Laurens County did not have jurisdiction of O. B. Bush, but the jurisdiction was in Fulton County. We are of the opinion that the court did not err in overruling the plea to the jurisdiction. The Civil Code (1910), § 6540, provides

that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." The plaintiff alleged that George B. Davis, acting without authority from the Hillandale Nursery Company, deposited with Mrs. C. B. Bush the loan deed as security; that at the time of the alleged transfer from Mrs. Bush, which took place during the summer or fall of 1925, there was pending in the superior court of Laurens County a proceeding to recover the security; that Mrs. Bush transferred the loan deed to her son, O. B. Bush, for the purpose of preventing the Hillandale Nursery Company from recovering it; and that O. B. Bush was acting for Mrs. C. B. Bush, and any moneys recovered on said debt would be for her benefit. In view of these allegations, and of the prayer that "the defendants" be restrained from selling plaintiff's land or in any way interfering with plaintiff's possession of the same, we are of the opinion that such substantial relief was prayed against Mrs. C. B. Bush as to confer jurisdiction upon the superior court of her residence.

■ After the evidence for the plaintiff was introduced, the defendant, O. B. Bush, made a motion for nonsuit, which was overruled and the defendant excepted. As was held in the case of *Jennings* v. *Williams,* ante, 615 (146 S. E. 452)., an exception to a refusal to grant a nonsuit will not be considered by this court where the defendants made a motion for new trial, one ground of which complains that the verdict is contrary to the evidence.

■ There are three special grounds of the motion for new trial, complaining of excerpts from the charge of the court. The first two are as follows: (1) "The plaintiff can not recover in this case unless you believe from the evidence that Mrs. Bush had notice of Willis's defense at the time of the alleged transfer of the paper to her in August, 1924. You ascertain from the evidence if the plaintiff, C. C. Willis, in the first place, had a defense to the contract at the time of the transfer, if there was a transfer, to Mrs. Bush; and you also ascertain whether or not Mrs. Bush had legal notice of the defense of Willis at the time of such transfer, if there was a transfer, of the notes and deed to secure debt; and whether or not they had knowledge of the outstanding inspection bond and its violation, if any, and the past-due installments, if any· were past due, under the contract at the time of its transfer." (2) "In order for the plaintiff to prevail, you must find from the

evidence that Mrs. C. B. Bush and O. B. Bush were not innocent purchasers of the contract, and that they had knowledge of the defense of Willis, if any, at the time of its purchase. I charge you further, that if Mrs. Bush and O. B. Bush did not have actual knowledge of the inspection-bond contract and its violation and breaches, if any, at the time of the transfer of the notes and deed to secure debt, the plaintiff could not recover, in that the inspection-bond contract is separate from the deed and notes to secure debt." These excerpts from the charge were not error for any reason assigned.

■ Ground 3 complains that in giving the forms of verdict the court charged the jury: "If you believe the plaintiff is entitled to recover, the form of your verdict would be, 'We, the jury, find in favor of the defendant.'" This statement of the form of the verdict, in the motion for new trial, is so palpably a slip of the tongue, or else is a typographical error, that the mere form of the suggested verdict alone would not be cause for reversal. In fact in looking to the charge of the court to the jury in the record, it appears that his instruction was: "If, under the rules of law I have given you in charge, you believe the plaintiff is entitled to recover, the form of your verdict would be, 'We, the jury, find in favor of the plaintiff.' On the other hand, if you believe the defendant is entitled to recover, the form of your verdict would be, 'We, the jury, find in favor of the defendant.'" The main criticism of the charge on its merits is that the two forms given to the jury would not cover the issues being tried, and left only the two alternatives to find generally either for the plaintiff or for the defendant, and that the charge did not separate the rights of the several defendants. It is insisted that O. B. Bush was concerned with preventing a finding that his evidence of debt should be surrendered up and canceled; that he might have been subject to a finding that he could not sell the land under a power of sale as his rights then stood, but would not be subject to have his evidence of debt canceled; and therefore that the charge was harmful to the movant and not adjusted to the pleadings and evidence, and restricted the jury in their finding. We are of the opinion that there is merit in this contention. The plaintiff insisted upon both partial and total failure of consideration of the loan deed and note which it secured. Under the court's charge the jury could only find either for the

plaintiff or for the defendant generally, and it excluded from the consideration of the jury the question of a verdict finding in favor of a partial failure of consideration of the note and security deed, and in the event that the jury should find in favor of a partial failure of consideration instead of a total failure, as they evidently did find, there was no form of verdict given should they reach the conclusion under the pleadings and evidence that there was only a partial failure of consideration. We therefore think that the failure of the court to give the jury also a form of verdict in case they found from the evidence in favor of a partial failure of consideration was such error as requires a new trial.

As the case goes back for another hearing, we express no opinion as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*