24906. FIREMEN'S INSURANCE COMPANY *et al. v.*
BLOUNT, for use, etc., *et al.*

DECIDED DECEMBER 9, 1935.

*Smith, Smith & Bloodworth, Fullbright & Burney, W. H. Smith,*
for plaintiffs in error.

*H. Cliff Hatcher,* contra.

SUTTON, J. Nannie Blount, for herself and for the use of Mrs.
Pearl Hopkins, brought suit against certain fire-insurance com-
panies for an alleged fire loss to her house which was insured by
one policy written by the defendant companies. The defendants
denied liability, setting up that the fire was of incendiary origin,
and that the plaintiff had not filed her proof of loss as required
by the policy. The defendants further alleged that the policy con-
tained a loss clause payable to Mrs. Pearl Hopkins, the holder of
a mortgage against the house; that they had paid to her the amount
due on the mortgage note and had taken an assignment thereof to
them; and they prayed for a judgment thereon against the plain-
tiff. The trial resulted in a verdict in plaintiff's favor for the
difference between the amount of the loss and the sum paid to the
mortgagee. The defendants' motion for new trial was overruled,
and they excepted. One ground of the motion is that the court

erred in overruling a motion for nonsuit on the ground that the plaintiff had not proved the case laid in her petition, in that she had alleged that proof of loss had been waived by the defendants, and the evidence offered did not show such waiver. This court will not consider an assignment of error on a refusal to award a nonsuit, where after such refusal the case is submitted to the jury, and a motion for new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it. *Southern Railway Co.* v. *Slalon,* 178 *Ga.* 314 (173 S. E. 161); s. c. 50 *Ga. App.* 570 (178 S. E. 392); *Henderson* v. *Maysville Guano Co.,* 15 *Ga. App.* 69 (82 S. E. 588); *Atlantic Coast Line Railroad Co.* v. *Blalock,* 8 *Ga. App.* 44 (2) (68 S. E. 743); *Martin* v. *Yonce,* 163 *Ga.* 644 (4) (137 S. E. 17); *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (9) (141 S. E. 653); *Jennings* v. *Williams,* 167 *Ga.* 615 (3) (146 S. E. 452); *Bush* v. *Willis,* 167 *Ga.* 718 (2) (146 S. E. 460); *Rubin* v. *Hardin,* 173 *Ga.* 127 (159 S. E. 711).

The second ground is that the verdict was unauthorized by the evidence, as the agreement entered into by the plaintiff and the adjuster, fixing the amount of the loss, did not amount to a waiver of the filing of formal proof of loss, because such agreement stated that it did not abrogate in any way the non-waiver agreement made on the same day, which non-waiver agreement provided that any investigation made by any agent of the defendants of the loss sustained would not relieve the insured of the necessity of complying with the requirements imposed by the policy, and that one of the conditions precedent was that formal proof of loss must be submitted by the insured. The facts are these: The plaintiff's house was insured against fire. The policy was a standard fire-insurance policy, and provided that "If fire occur, the insured shall give immediate notice of any loss thereby in writing" to the insurers, protect the property and make an inventory of the same, "and within 60 days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire," the amount of loss sustained, etc. The policy further provided that "In the event of disagreement as to the amount of loss, the same shall, as provided, be ascertained by two competent and disin-

terested appraisers, the insured and this company each selecting one, and the two first chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expense of the appraisal and umpire." It further provided that the insurers "shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required." Also, that "No suit or action on this policy for the recovery [of any] claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements," etc.

There was a fire damaging the plaintiff's house, and she immediately notified the local agent of the insurers. An adjuster came, viewed the house, and entered into this agreement on behalf of the insurers with the insured: Whereas the insurers have issued to the insured a certain policy, and whereas there was a loss by fire "under said policy on January 29, 1932, and whereas the insurers and the insured have entered into an investigation of said loss under a non-waiver agreement of this date, it is therefore agreed that the actual property damage to the building described in said insurance policy caused by said fire is, and the same is hereby agreed to be, in the amount of" $427.59, which sum the insured "hereby agrees to accept in full settlement of all liabilities of said insurance under the policy aforesaid, provided it should appear that the said insurers are liable for the payment of any amount whatsoever under the terms of said policy. It is further distinctly understood and agreed that the execution of this agreement shall not abrogate or modify the non-waiver agreement executed by the parties hereto on this date; but that the sole purpose of this agreement is to fix definitely the amount of the property

damage caused only by said fire." The non-waiver agreement referred to is as follows: "It is hereby mutually stipulated and agreed . . that any action taken, request made, or information now or hereafter received by, said party of the second part, in or while investigating and ascertaining the cause of fire, the amount of loss or damage, or other matter relative to the claim of the said party of the first part, for property alleged to have been lost or damaged by fire on the 29th day of January, 1932, shall not in any respect or particular change, waive, invalidate, or forfeit any of the terms, conditions, or requirements of the policies of insurance of the party of the second part, held by the party of the first part, or any of the rights whatever of any party hereto. The intent of this agreement is to save and preserve all the rights of all the parties hereto, and permit an investigation of the claim and the determination of the amount of the loss or damage, in order that the party of the first part may not be unnecessarily delayed in her business, and that the amount of her claim may be ascertained and determined without prejudice to any rights or defenses which said party of the second part may have." The petition alleges that the agreement as to the amount of the loss was entered into within 60 days of the fire, and that the insurers entering into the agreement fixing the amount of loss waived the filing of any other or further proof of loss. The defendants contend that this was not a waiver of the requirements of the policy regarding submission of proof of loss.

Proofs of loss are primarily intended for the purpose of securing an adjustment; and it is in accordance with sound public policy that our law recognizes the right of insurance companies to make such requirements in their contracts. *Moore* v. *Dixie Fire Ins. Co.,* 19 *Ga. App.* 800, 803 (92 S. E. 302). It has been held sufficient if the proof of loss is made to an adjuster of the insurer who is engaged in adjusting the particular loss. *Merchants &c. Ins. Co.* v. *Vining,* 67 *Ga.* 661 (5); *Williams* v. *Atlas Assurance Co.,* 22 *Ga. App.* 661 (97 S. E. 91); *Corporation &c. Assurance* v. *Franklin,* 158 *Ga.* 644 (3 *b*), 655 (124 S. E. 172). "Every insurer shall have a right to prescribe regulations as to notice and preliminary proof of loss, which shall be substantially complied with by the assured: provided, the same shall be made known at the time of the insurance, and shall not be materially

changed during the existence of the contract. An absolute refusal to pay shall waive a compliance with these preliminaries." Code of 1933, § 56-831. "The contract of insurance should be construed so as to carry out the true intention of the parties." § 56-815. The true intention of the parties to a fire-insurance contract is to indemnify the insured in case of a fire loss covered by the policy. *Fireman's Fund Ins. Co.* v. *Pekor,* 106 *Ga.* 1, 10 (31 S. E. 779); Code, § 56-801. The purpose of an appraisal and an award as provided for in a policy is to fix the amount of the loss. *Eberhardt* v. *Federal Ins. Co.,* 14 *Ga. App.* 340 (2) (80 S. E. 856); *Ozburn* v. *National Union Fire Ins. Co.,* 45 *Ga. App.* 33, 38 (3) (163 S. E. 321). Though a policy may stipulate that the insured shall furnish proofs of loss, yet if it also stipulates that in a certain contingency no action shall be brought on the policy until after an award fixing the amount of the loss, the company will be held to have waived such proofs of loss, if, without receiving the same, it nevertheless enters with the insured into an arbitration for the purpose of ascertaining the amount of the loss. *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296 (27 S. E. 975)., and see *Sentinel Fire Ins. Co.* v. *McRoberts,* 50 *Ga. App.* 732, 739 (179 S. E. 256); *Atlas Assurance Co.* v. *Williams,* 158 *Ga.* 421, 424. (123 S. E. 697), and *Philadelphia Fire & Marine Ins. Co.* v. *Burroughs,* 176 *Ga.* 260, 264 (168 S. E. 36). It will be seen that the amount in this case was fixed and agreed on by the parties, after the fire, in the instrument above referred to, provided it should appear that the insurers were liable for the payment of any amount under the terms of the policy. The purpose of an appraisal and arbitration being to fix the amount of the loss, and this having been done by agreement by the parties here, and it having been held that where an insurance company enters into an arbitration to ascertain the amount of the loss, the policy providing therefor, it waives the furnishing of formal proofs of loss as required by the policy, we are of the opinion that where the insurers and the insured enter into an agreement and fix the amount of the loss, as they did in this case, this is a waiver of the formal proof of loss. In the *Turnley* case, supra, the award fixed the amount of the loss, and in this case the voluntary agreement fixed the amount of the loss. There is no substantial difference in the two propositions.

It will now be considered what effect the non-waiver agreement, executed on the same day the agreement as to the amount of the loss was executed, had on the latter agreement. It was provided in the agreement as to the amount of the loss that it should not abrogate or invalidate the non-waiver agreement. The non-waiver agreement provided that any action taken by the insurers while investigating and ascertaining the cause of the fire or amount of the loss did not, in any respect, "change, waive, invalidate, or forfeit any of the terms, conditions, or requirements of the policies of insurance" in this case, "or any of the rights whatever of any party hereto." Where a party has knowledge of all the facts, and there is no question of fraud, and such party by some voluntary act or agreement waives an incidental right under the contract, such as the requirement as to proof of loss, "the party making the waiver can not afterwards take back the right which was thus surrendered. When some incidental right has once been waived and relinquished, and thus eliminated as an incidental element of the contract, it can not be reclaimed. This is true even though the relinquishment be made 'in the absence of any consideration therefor or of any change of position by the party in whose favor the waiver operates.'" *Sentinel Fire Ins. Co.* v. *McRoberts,* supra. An insurance company may rightfully require written proof of the loss to protect itself against fraud. However, the damage by fire, and not formal proof, is the essence of the contract, and small circumstances will be sufficient to show that the company has waived such non-essential though legal parts of the contract of insurance. The courts infer waivers of such non-essential parts by conduct, for the reason that they are in the nature of penalties, and are not favored under the law. *Ætna Ins. Co.* v. *Mosely,* 47 *Ga. App.* 25, 34 (169 S. E. 695). It was there held that "If the company had desired to insist that it have the full, formal proofs of loss, and that it would not pay the claim without such proofs being furnished, the non-waiver agreement should have said so in specific terms. . . The right to recover for a loss by fire on a policy of insurance is not dependent upon, nor will the law see it defeated by, failure to perform conditions subsequent, where there is evidence to show that there has been a waiver of such conditions subsequent." In the *Mosely* case, supra, the court was dealing with a non-waiver agreement with

substantially the same provisions as the one in this case. Under the authorities cited, we are of the opinion that the non-waiver agreement did not have the effect of revoking or annuling the waiver of proof of loss voluntarily made by the agreement fixing the amount of the loss under the policy sued on. The real issue involved was whether the fire was of incendiary origin. The evidence on this question was conflicting and circumstantial. A verdict finding in favor of the insurers would not have been without evidence to support it; but the jury has resolved this question against the insurers, and there was competent evidence on which their finding was based. It follows that the verdict was authorized, and that the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*