46815. CALHOUN et al. v. HERRIN.

HALL, Presiding Judge. Defendants in a personal injury action appeal from the judgment and from the denial of their motion for new trial.

There are three individual defendants in this suit. Calhoun was the driver of the truck involved in the collision. The other two, Marcus Nobles and Norris Dreggers, were alleged to be the owners of the truck and the employers of the driver.

One paragraph of the complaint contained all the allegations of ownership, employment, scope of employment, permission and negligent driving. The defendants answered with a simple denial of the entire paragraph. They set up as a separate defense the negligence of the plaintiff. Later the plaintiff propounded several interrogatories to all the defendants which were answered by each one under oath. Several of the answers referred to "Nobles and Dreggers." The most pertinent interrogatory and answer are as follows: Q. "How long has defendant Calhoun worked for Messrs. Dreggers and Nobles? What salary or wages was he paid? Do you admit his employment on the date of the casualty? State the ownership and identity of the vehicle Calhoun was driving; do you admit he was driving same with the permission of his employers? What was Calhoun's destination at the time of the accident? Where had he left from and when? Who directed his use of the vehicle?" A. "Defendant Calhoun worked for Nobles and Dreggers about one and one-half years and was paid percentage on the loads he hauled in his employment as driver of the 1966 White tractor of Nobles & Dreggers Trucking Company; he was driving at the time with permission of his employer and had left from St. Marys on the day of the occurrence en route to Fort Stewart Reservation and was at the time under the immediate direction of Norris Dreggers."

At the trial, and after plaintiff had rested, the defendants offered evidence to show that the owner and employer

was a corporation—Nobles & Dreggers Trucking Company, Inc.—and made a motion to be dismissed as defendants. The court denied the motion and refused to admit any evidence on the issue of corporate status. Judgment was entered against the individuals.

The rejected evidence showed that the incorporation occurred some nine months before the collision. Prior to that time, the defendants had done business as a partnership known as "Nobles & Dreggers." At the time of the collision they were still issuing some checks preprinted with "Nobles & Dreggers," presumably to avoid waste. Title and registration of the truck was in the name of Nobles & Dreggers Trucking Company, without the "Inc.," although the year following it was added.

The basis of the court's ruling appears to be that the defendants had waived this defense or were estopped to raise it because of their failure to either plead it or raise it on a pre-trial motion. The defendants contend that their denial of the omnibus paragraph was sufficient to put the questions of ownership and employment in issue; that the reference to the trucking company in the answer to one of the interrogatories should have put the plaintiff on notice he was dealing with a corporation; and that they are neither required to volunteer information not requested nor to expose their defenses in detail.

The initial problem here is to classify this defense. It is not one which must be pleaded affirmatively under *Code Ann.* § 81A-108 (c); nor is it an issue which must be raised by specific negative averment under *Code Ann.* § 81A-109 (a), although the issues listed there (capacity, authority, legal existence) are very similar to the one here; nor is it the specific denial of partnership when sued in a firm name, which may still be required under *Code* § 75-313; nor is it a misnomer.

The closest category into which this fits is that of "mistaken identity." The defendants and the corporation are, as a matter of law, separate and distinct persons. As might be expected, the law on this issue is sparse and we

can find no case directly on point. It does appear that the question of identity is one for the jury (see *Code* § 38-304 and annotations); however, neither the old nor the new Practice Act requires that a party must specially plead or raise by motion, "You have the wrong person." Therefore, the trial court erred in refusing to admit the evidence concerning the corporation.

We cannot close without observing that a pre-trial conference and order would have eliminated the issue. A good deal of time would have been saved at the first trial, this appeal would not have occurred, and a new trial would be unnecessary.

Defendants' other enumerations of error are either without merit or will not arise again at another trial.

The judgment must be reversed for all parties although the only issue on this appeal was that of employment. See *Southeastern Truck Lines v. Rann*, 214 Ga. 813 (108 SE2d 561).

*Judgment reversed. Pannell and Quillian, JJ., concur.*
ARGUED JANUARY 10, 1972—DECIDED JANUARY 28, 1972—REHEARING DENIED FEBRUARY 21, 1972—

*Dubberly & Dubberly, B. Daniel Dubberly, Jr., Pierce, Ranitz, Lee, Berry & Mahoney, Dennis Pierce, Morton G. Forbes,* for appellants.

*Leon A. Wilson, II, Benjamin Smith, Jr., Sharpe, Sharpe, Hartley & Newton, T. Malone Sharpe,* for appellee.