## 57511. WALKER v. BURKE COUNTY
## et al.

BIRDSONG, Judge.

This is a wrongful death suit. The case arose out of a head-on collision between vehicles operated by plaintiff's deceased husband and one owned by defendant Burke County and operated by defendant deputy sheriff. The case was tried before a jury. The jury returned a verdict for defendants and a judgment was entered accordingly. *Held:*

1. The defendant deputy testified that on the day of the accident, he was driving a sheriff's department vehicle along a county road on a mission to serve two criminal warrants on a third party, "Calvin Kelly." The witness further testified that he observed another vehicle proceeding toward him, then suddenly turn around and drive off in the opposite direction towards Calvin Kelly's house. The witness then "gave it the gas" in an attempt to apprehend the occupant of this vehicle as he, the witness, thought Kelly perhaps was in the car and was attempting to flee as Kelly knew that he was wanted by the sheriff. While in pursuit of this car and with the blue light flashing on the county vehicle, the defendant deputy collided with plaintiff's husband whose car was on the wrong side of the road at the time. The plaintiff objected to the admission of the testimony concerning the pursuit given to the suspected fleeing car and individual. The ground of objection was that the defendants were offering this evidence in support of the proposition that the county vehicle was an "emergency vehicle" under Code Ann. § 68A-107, and that this was an affirmative defense which had not been plead which prevented the admission of evidence on the subject. See *Stalvey v. Osceola Industries,* 124 Ga. App. 708 (185 SE2d 629). The objection was overruled. This statute authorizes an emergency vehicle under certain conditions to exercise certain privileges, one of which is the exceeding of maximum speed limits. The affirmative defense of emergency vehicle is not one which must be pleaded under the provisions of CPA § 8 (c) (Code Ann. § 81A-108 (c)) nor is it one of the special matters listed under CPA § 9 (Code Ann. § 81A-109). As

the Civil Practice Act does not require the special pleading of this affirmative defense, evidence showing its applicability at trial is admissible even in the absence of a plea on this subject. *Calhoun v. Herrin,* 125 Ga. App. 518 (188 SE2d 273). No error has been shown.

2. The evidence authorized the verdict and judgment for defendants.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 13, 1979 — DECIDED APRIL 24, 1979.

*O. L. Collins, Jerry Daniel,* for appellant.

*Allgood & Childs, Thomas F. Allgood, Jr., T. Allen Childs, Jr., Gary A. Glover, Preston B. Lewis, Jr.,* for appellees.