64514. LOWE'S OF SAVANNAH, INC. v. ZITTROUER et al.

SHULMAN, Presiding Judge.

Plaintiff-appellant filed suit in 1977 against defendant-appellees "trading as Whitemarsh Contractors," alleging that defendants were indebted to plaintiff for building materials, supplies, interest, and attorney fees "as was set forth in an agreement between Plaintiff and Defendants, a copy of said agreement is attached hereto and marked Exhibit 'A'." The attached exhibit was a document signed by defendants in which they agreed to guarantee the debts incurred by Whitemarsh Contractors, Inc., at plaintiff's place of business. During the presentation of plaintiff's case at trial, counsel for defendants objected to the introduction into evidence of invoices made out to the *corporation,* complaining that the cause of action had been brought against the defendants in their *individual* capacity. The ensuing legal discussion terminated when the trial court, stating that plaintiff had sued the wrong party, sua sponte directed a verdict for defendants. Plaintiff now appeals from that ruling.

We need not discuss the sua sponte nature of the directed

verdict or the timeliness thereof since we conclude that the basis of the directed verdict, that plaintiff had sued the wrong party, was erroneous. Therefore, we must reverse the direction of the verdict for defendants and remand the case for trial.

Although neither the guaranty agreement nor defendants' status as guarantors is explicitly mentioned as such in the complaint, the attachment of the agreement as an exhibit to the complaint and plaintiff's express reliance on that exhibit as the basis for its suit against defendants compel the conclusion that the facts contained in the guaranty agreement prevail over allegations in the complaint. See *Sitzer v. Lang,* 145 Ga. App. 159 (243 SE2d 95); *Jackson v. Jordan,* 139 Ga. App. 469 (228 SE2d 606). Therefore, defendants stood before the court as guarantors of the debts that Whitemarsh Contractors, Inc., incurred at plaintiff's business. Furthermore, defendants, through the guaranty agreement, had agreed that their guaranty obligation was "primary, direct and immediate and without prior recourse against [Whitemarsh Contractors, Inc.] . . . ." Thus, plaintiff was not required to obtain a judgment against the principal before pursuing these defendants.

Plaintiff's complaint stated a cause of action against defendants, and the admission of the guaranty agreement into evidence at trial precluded a directed verdict against plaintiff. The directed verdict entered must be reversed and the case remanded for trial.

*Judgment reversed and remanded. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 8, 1982.

*A. Kenneth Williamson, J. Walter Cowart,* for appellant.
*Laurie K. Abbott, Anthony H. Abbott,* for appellees.