74147. SUBSEQUENT INJURY TRUST FUND OF GEORGIA
v. HARBIN HOMES, INC. et al.

(355 SE2d 702)

BIRDSONG, Chief Judge.

This appeal appears before us as the result of the grant of an Application for Discretionary Appeal to the Subsequent Injury Trust Fund. The facts giving rise to this appeal show that an employee-claimant (Roberts) was employed by the respondent Harbin Homes, Inc. and covered by its workers' compensation insurer, American Motorist Company. The record establishes that the claimant, Ms. Roberts, had suffered from a functional seizure disorder similar to epilepsy for a period of time before she was employed by Harbin Homes as a full-time employee, hired with full knowledge of the disability and indeed under a company policy of hiring the disabled. A few weeks after Ms. Roberts was hired, she suffered an incapacitating back injury. She was treated and returned to work but within a couple of days was fired, apparently because she could not function as well as the employer had expected. Ms. Roberts became unemployed in 1982 following the back injury and has been paid workers' compensation from that time by the insurer-employer.

During the period from 1982 until 1986, Ms. Roberts has been repeatedly treated and evaluated for her seizure disorder and her back condition. The employer-insurer eventually concluded from the medical evaluations of Ms. Roberts that the injury to Ms. Roberts' back of September 1982, had been materially, substantially and cumulatively aggravated by the permanent and pre-existing seizure syndrome and together they curtailed her ability to gain economic employment. Pursuant to OCGA § 34-9-350 et seq., the employer-insurer made application to the Subsequent Injury Trust Fund for reimbursement for her back injury. The Subsequent Injury Trust Fund denied the reimbursement because it contended the employer-insurer had not established that the pre-existing seizure condition had been shown to have "merged" with the back injury so as to aggravate the back injury to the point of materially contributing to Ms. Roberts' state of unemployability. Evidence established that there were no detectable organic grounds for Ms. Roberts' seizures; thus, they were characterized as a functional disorder. There was evidence the seizures perhaps were caused by stress and emotional factors. Because maximum rehabilitative level had been achieved in regard to the back injury, she did not receive further medical intervention in regard to

the back injury. A pain control center concluded that Ms. Roberts had achieved a maximum level of recovery and rehabilitation although she continued to display symptoms of depression and a low level of self-confidence.

As late as 1985, a rehabilitative report to the State Board of Workers' Compensation indicated that Ms. Roberts still complained of low back strain and still suffered from functional seizures. Once again it was verified that Ms. Roberts was diagnosed as having reached maximum medical improvement from her back injury of 1982. Ms. Roberts was released back to work but without success. There was evidence presented that the difficulty experienced by Ms. Roberts in obtaining reemployment was actuated by the existence of the functional seizures, by emotional problems, by transportation problems, by scarcity of employment opportunities in her immediate neighborhood, by her low educational background and her lack of or low degree of financial motivation, as well as by the continuing discomfort from the low back strain (which apparently would not improve).

After the Subsequent Injury Trust Fund denied the claimed reimbursement, the employer-insurer made application to the State Board of Workers' Compensation to determine whether Ms. Roberts' back injury had merged with her prior impairment so as to cause a greater degree of impairment. At a hearing before an ALJ, it was determined that the evidence established a merger and order was entered directing the reimbursement. This award was appealed by the Subsequent Injury Trust Fund to the full Board which adopted the facts and findings made by the ALJ. Based upon those same facts, the full Board concluded the employer-insurer had failed to prove that Ms. Roberts suffered from a reimbursable greater degree of disability, i.e., that it had failed to prove the back injury was materially, substantially, and cumulatively greater because of the prior presence of the functional seizures. The employer-insurer appealed the order of the full Board to the superior court which reversed the full Board. The superior court found as a matter of fact and law that there was no evidence to support the award of the full Board. The superior court ordered the award of the ALJ to be reinstated. The Subsequent Injury Trust Fund then successfully applied to this court to review the judgment of the superior court. *Held*:

As we review the facts of this case, we, as did the superior court, could easily conclude that there was ample evidence to support a conclusion that Ms. Roberts' back injury had merged with the pre-existing functional seizure and that the effect upon availability of reemployment resulting from the back injury was rendered greater because of the prior impairment. It is clear that the ALJ considered the various factors that contributed to Ms. Roberts' continued state of

unemployability and determined that of the several factors that might have caused that condition the seizure syndrome was the major reason together with the back weakness that made her unemployable. However, it is equally clear that the full Board upon its independent, de novo consideration of this same evidence concluded that while there was evidence of a seizure syndrome it was not the principal factor that materially, substantially, and cumulatively aggravated the back condition so as to synergize a greater degree of disability when considered cumulatively.

Even though we as an appellate court (or for that fact the superior court) may disagree with the conclusion of the full Board, we, each of us, are duty bound to do justice before we grant generosity. *Penn. Millers Mut. Ins. Co. v. Heule*, 140 Ga. App. 851, 854 (232 SE2d 267). The full Board, the same as the ALJ, is a finder of fact. Each is entitled to make independent findings of fact and conclusions of law even though the facts are the same but the conclusions different. A finding of fact made by the full Board when supported by any evidence, is conclusive and binding upon the superior court as well as this court. Neither we nor the superior court have any authority to set aside an award based on supported findings of fact merely because we might disagree with the conclusions reached therein. *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801, 804 (198 SE2d 412); *Employers Ins. Co. v. Amerson*, 109 Ga. App. 275 (136 SE2d 12). Our review of the record in this case reflects that there were several factors any one or a combination of which could have materially, substantially and conclusively merged with and caused Ms. Roberts' continued unemployability. Thus, neither we nor the superior court are at liberty to conclude that there was no evidence to support the ultimate award of the full Board. Accordingly, the superior court erred in not applying the "any evidence" rule as to the award of the full Board (*Zurich Ins. Co. v. Robinson*, 127 Ga. App. 113 (192 SE2d 533)), thereby sustaining the award of the full Board. *Atkinson v. Home Indem. Co.*, 141 Ga. App. 687 (234 SE2d 359).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 11, 1987 —
REHEARING DENIED MARCH 25, 1987 —

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Rita J. Llop, Assistant Attorney General,* for appellant.

*Guy R. Taylor*, for appellees.