A91A0508. BRINKLEY v. BOSCH OLDS-BUICK-GMC, INC.
(405 SE2d 883)

BIRDSONG, Presiding Judge.

Appellee Bosch Olds-Buick-GMC, Inc., brought suit against Ruby Brinkley for having contracted to buy and having received a vehicle from Bosch, and having failed to make the agreed down payment of $8,253.78; and alternatively, for having bought the vehicle and causing a third person to write a check on insufficient funds.

Ruby Brinkley, on appeal of the summary judgment awarded against her, asserts that the evidence in her deposition and in other pleadings shows that she was the victim of a "con game" by one Rufus Goodman, who had once been a prisoner in jail when she was a deputy sheriff in 1982. Goodman appeared in 1988 at Ms. Brinkley's night club establishment, having been vouched for by her accountant as having reformed and become an attorney. They discussed going into business together, and as part of the arrangement Goodman offered to help Ms. Brinkley buy a vehicle. They went to appellee's dealership, where Ms. Brinkley signed the sales contract obligating herself to pay the purchase price and down payment. She contends that Goodman negotiated the purchase and made all of the representations to the salesman and manager at Bosch, and that the salesman and manager accepted Goodman's check for the down payment, which he planned to make good the next day. She maintains that at

all times Bosch knew that although the vehicle was to be titled in the name of Ms. Brinkley, Goodman himself was going to make the down payment.

Ms. Brinkley took possession of the vehicle. The next day she arrived at Goodman's motel room to have him go with her to the Bosch dealership to deliver the money and retrieve his check. Goodman announced he would drive his own car to the dealership; Ms. Brinkley drove to the dealership and waited for him, but he did not arrive there.

Appellant raises no valid defense to her liability on this contract. Appellee did not, by agreeing to accept payment from a third party, waive the terms of the contract, nor is it estopped to bind appellant to obligation. If Bosch's agreement to accept payment from Goodman led Ms. Brinkley to believe it would relinquish the right of payment from her (see *Wilson v. Milam*, 156 Ga. App. 328 (274 SE2d 720); *Firemen's Ins. Co. v. Blount*, 52 Ga. App. 223 (183 SE 111)), the fact at best is that Bosch agreed to accept *actual payment* from a third party, and that payment was never made. By gratuitously accepting a check that was not good but which it relied upon to be made good, Bosch did not relinquish its right to hold her to her contractual obligation if payment by the third party was not made. Appellant does not contend she was incompetent when she obligated herself to make the payment. She took possession of the vehicle and used it. It is no longer "new," and she would be unjustly enriched if she were excused from fulfilling the obligation to pay for it. Since it was she who put it in the power of Goodman to inflict the injury to both herself and to Bosch, it is she who must bear the loss. See OCGA § 23-1-14. She provides no legal authority allowing her to rescind the contract in the circumstances in this case, and no reason the contract should not be enforced. "[T]he appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortune of the unlucky." *Autry v. State*, 150 Ga. App. 584, 587 (258 SE2d 268). We are duty bound to do justice to all parties concerned before we do generosity (*Subsequent Injury Trust Fund v. Harbin Homes*, 182 Ga. App. 316, 318 (355 SE2d 702)). The trial court therefore did not err in granting summary judgment in favor of Bosch, and thereby enforcing appellant's contract.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 17, 1991 —
REHEARING DENIED MAY 7, 1991 —

*O. Wayne Ellerbee,* for appellant.

*Young, Young & Clyatt, Daniel C. Hoffman,* for appellee.