### A98A2146. BUMP-AIRE CORPORATION v. ROGERS.
(512 SE2d 326)

BEASLEY, Presiding Judge.

The focus is on whether defendant is the proper party, i.e., real party in interest.

Bump-Aire Corporation, a metal fabrication company, filed suit for breach of contract against Dan Rogers, who admitted the existence of the verbal contract in his answer and counterclaimed for breach of the same contract. During trial, the court sua sponte dismissed both the claim and the counterclaim. Only Bump-Aire appeals.

The testimony was that Rogers negotiated with Christopher Sullivan, president and sole shareholder of Bump-Aire, to fabricate metal handrails for a house on which Rogers was acting as general contractor. The two men discussed the job price and the deposit. Eventually, Rogers indicated he wished to proceed, and Sullivan explained that a deposit of $5,100 was required before work could begin. Two months later Rogers gave Sullivan a check for the deposit. There is no direct evidence of whose account it was drawn on. The handrails were fabricated and installed, and Bump-Aire sent an invoice to Rogers for the balance due. Testimony suggested a dispute about the scope and quality of the work, which was pictorially shown to the jury.

Rogers testified in plaintiff's case on cross-examination that there were problems with the job, both as to the product itself and as to the manner of installation. He never denied he had contracted with Bump-Aire for the rails, but at one point he stated: "When I started this house I became an employee of BMJ Real Estate." He explained that he was not an officer or stockholder in the company, just an employee. He did not testify that BMJ was the proper party to the contract but explained that BMJ made all payments to subcontractors on the job.

During defendant's case presentation, the court held an unrecorded discussion with counsel in chambers and then announced it was dismissing the case on the grounds that Rogers was not the real party in interest either as defendant or plaintiff-in-counterclaim. Its ruling was reduced to a written order. Rogers had never raised this defense in his pleadings. To the contrary, he admitted the contract in

his answer and counterclaim and, in response to an interrogatory, stated "Defendant contracted with plaintiff. . . ." Obviously, if he believed he was not the proper defendant, he would not have brought a counterclaim. On appeal he agrees with the trial court, which compels him to abandon his counterclaim and not seek to appeal its dismissal.

Bump-Aire had a right to pursue its contract claim against the party with whom it contracted. "If an agent shall fail to disclose his principal, when discovered, the person dealing with the agent may go directly upon the principal under the contract, unless the principal shall have previously accounted and settled with the agent."[1] The evidence described supports a finding that Bump-Aire contracted with Rogers individually, not as anyone's agent. Even if Rogers' employer made the down payment, this is not conclusive as to what party entered into the agreement.[2] What the understanding of both parties was is a question of fact to be decided by a jury based on all the evidence related to the issue.[3]

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 11, 1999.

*Joseph J. Felker, Jr.*, for appellant.
*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell*, for appellee.

---

[1] OCGA § 10-6-54.
[2] See, e.g., *Brinkley v. Bosch Olds-Buick-GMC*, 199 Ga. App. 663, 664 (405 SE2d 883) (1991).
[3] *Wojcik v. Lewis*, 204 Ga. App. 301, 304 (2) (419 SE2d 135) (1992) (question of agency for jury); *Crisp Pecan Co. v. Wiggins Produce Co.*, 222 Ga. App. 747, 748 (2) (476 SE2d 60) (1996) (same). See *Lowe's of Savannah v. Zittrouer*, 164 Ga. App. 333 (297 SE2d 102) (1982) (trial court erroneously directed verdict where it erred in concluding plaintiff sued wrong party). See also *Calhoun v. Herrin*, 125 Ga. App. 518 (188 SE2d 273) (1972), regarding a "You have the wrong person" defense. Neither OCGA § 9-11-17 (a) nor § 9-11-9 (a) applies.