## SMITH *et al. v.* DONALSON.

1. The court did not err in charging the jury as follows: "Constructive possession of lands is where a person having paper title to a tract of land is in actual possession of a part thereof. In such a case the law construes that possession to extend to the boundaries of the tract." It was applicable to the issues in the case, and was authorized by the evidence.

2. In view of the entire charge of the court upon the subject of fraud which would vitiate a prescriptive title, the plaintiffs in error have no valid complaint against the following charge of the court: "If you believe that John E. Donalson, the defendant in this case, who claims title by prescription, entered upon this land under a fair claim of right, believing that he had an honest title, whether he was mistaken in law or not, if he honestly believed his title was good, the best title that he could get, and he entered in that way, then you would not consider that he was guilty of that character of fraud that the law contemplates in the law just given you."

3. The court did not err in charging the jury as follows: "I charge you that the possession of the tenant is in the right of the person under whom he holds; and though such tenant enters under only an oral lease, his possession inures to the benefit of the person under whom he holds, and if such possession of a tenant should continue for seven years, and should have the necessary qualities which the law gives it, the person who put the tenant in possession would, if he had good color of title, acquire title by prescription." It was not inapplicable to the issues in the case, nor was it without evidence to authorize it.

4. The court did not err in excluding the alleged sayings of one from whom the defendant in the case claimed to derive title, made while the latter was in possession of the land as a tenant under the former, which sayings were not in disparagement of the former's title, but related to the right of the party in possession to perform certain acts which were being performed by him as a tenant of the speaker; it appearing that the defendant was not present at the time the remarks were made.

5. The evidence was sufficient to support the verdict.

JANUARY 16, 1912.

Ejectment. Before Judge Frank Park. Decatur superior court. January 23, 1911.

*Russell & Custer* and *T. S. Hawes,* for plaintiffs.

*E. M. Donalson* and *J. R. Pottle,* for defendant.

BECK, J. This was an action of ejectment. The jury returned a verdict in favor of the defendant, who pleaded a prescriptive title acquired by adverse possession under a color of title for more than seven years. The plaintiffs contested both the continuity and the bona fides of the defendant's possession. The plaintiffs made a motion for a new trial, which was overruled, and they excepted.

30

The defendant relied upon a prescriptive title. The plaintiffs contended, that the prescriptive title was not founded in good faith; that there was fraud in the title, and the defendant knew it at the time he entered into possession; and that the prescription was not an unbroken prescription, and did not measure up to the rule of law defining prescriptive title. The defendant contended, that he went into possession in good faith, without grounds to suspect that his title had originated in fraud; and that he and his predecessors in title had been in possession continuously for the time prescribed by law; and that his title fully measured up to the requirements of the law in order to make a good title by prescription. Such, in substance, was the statement of the court in his instructions to the jury upon this controlling issue in the case; and this statement of the contention of the parties was authorized by the evidence.

1. The court then, after defining title by prescription and stating the essential elements thereof, and after defining what would constitute actual possession of land and what was evidence of actual possession, charged the jury as follows: "Constructive possession of lands is where a person having paper title to a tract of land is in actual possession of a part thereof. In such a case the law construes that possession to extend to the boundaries of the tract;" and added, that the title or color of title under which a party claims prescriptive title by possession must be recorded, in order to extend to the boundaries of the tract. An inspection of the record shows that the charge quoted was authorized by the evidence, and the judge did not err, as against the plaintiffs, in instructing the jury in the language quoted.

2. The following charge of the court is complained of on the ground that it is contrary to law: "If you believe that John E. Donalson, the defendant in this case, who claims title by prescription, entered upon this land under a fair claim of right, believing that he had an honest title, whether he was mistaken in law or not, if he honestly believed his title was good, the best title that he could get, and he entered in that way, then you would not consider that he was guilty of that character of fraud that the law contemplates in the law just given you." In other portions of the charge the court used the following language: "The plaintiff claims that the prescriptive title under which the defendant claims

originated in fraud. I charge you that that kind of fraud must be moral fraud, and not legal fraud. I charge you that fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. Upon the question as to whether or not the prescriptive title under which the defendant claims originated in fraud, you are to determine from all the circumstances as shown by the evidence in this case." And charged further: "If, on the other hand, the circumstances shown to you convince your minds, under the rule of law given to you, that at the time he entered into possession that he had notice that the title under which he entered was absolutely void, was no title in law, then you could apply that principle of law. I charge you that if a purchaser has actual notice that he is purchasing a bad title when he takes possession, his purchase is bad, and he goes into possession in fraud of the rights of the true owner. Whatever is notice enough to excite attention and put the party on his guard, and call for inquiry, is also notice of everything which it is afterwards found such inquiry might have revealed, which was unknown for want of investigation. That is, where a person has sufficient information to lead him to a fact, he shall be deemed cognizant of it." The part of the charge excepted to in the ground of the motion now under consideration finds place between the two excerpts last quoted. Considering the entire charge upon the subject with which the court was dealing in this portion of his charge, manifestly the plaintiffs in error had no valid ground of complaint against the particular part of the charge which they criticised. It was but an elaboration of the recognized principle that actual fraud on the part of one claiming under prescriptive title is necessary to vitiate that title. Upon the issue as to whether or not the defendant was guilty of such fraud as would render invalid his claim of a good prescriptive title, the court charged fully; and if his charge on that issue is subject to criticism at all, it would be criticism on the part of the defendant in error and not the plaintiff in error.

3, 4. The rulings made in headnotes 3 and 4 do not require any further discussion.

5. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*