## MARTIN v. YONCE et al.

1. The evidence is ample to establish the contract which the plaintiff sought to have specifically performed; and since there is no exception to the charge, it must be conclusively presumed that there was no cause for complaint that the jury were not properly instructed.
2. It is never error to refuse to direct a verdict.
3. In the case at bar there was neither estoppel in pais nor a plea of res adjudicata.
4. The exception based upon the alleged error of the court in refusing to grant a nonsuit will not be considered where after such refusal the case was submitted to the jury and a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it.
5. No plea of estoppel was filed in this case, nor any plea of election of remedies. Each of these defenses must be specially pleaded, and they are of such a nature that they will not be considered when raised for the first time in a court of review.

No. 5457.   FEBRUARY 16, 1927.

Equitable petition. Before Judge Franklin. Richmond superior court. April 17, 1926.

*P. H. Rowe* and *J. Paul Stephens,* for plaintiff in error.

*Peebles & Bowden,* contra.

RUSSELL, C. J. This writ of error is based upon the single exception that the court erred in overruling the motion for a new trial. Before proceeding to pass upon the merits of the several grounds of the motion, it may be stated that the proceeding under review was an action for specific performance to require the defendant, W. C. Martin, to convey certain described land to the plaintiffs, Wesley Yonce, and his wife, Mrs. Cloe Yonce. The petition alleged that Wesley Yonce was indebted to Martin upon a loan secured by a security deed conveying to Martin a certain 200-acre tract of land. Martin was very anxious to collect the debt without delay or litigation, and promised Yonce that if he would interpose no defense to the sale of the land and sign any papers which Martin's attorney required in furtherance of the sale, he would give him, by making a deed thereto to his wife, Mrs. Cloe Yonce, a certain described portion of the tract containing 25 acres. Yonce interposed no defense, acknowledged

Appeal and Error, 3 C. J. p. 696, n. 61; p. 704, n. 24; p. 708, n. 54, 56; p. 919, n. 34; 4 C. J. p. 721, n. 65; p. 766, n. 7; p. 767, n. 9; p. 830, n. 42.
Estoppel, 21 C. J. p. 1242, n 92.
Judgments, 34 C. J. p. 1055, n. 64.
Trusts, 34 C. J. p. 1057, n. 71.

service upon the suit, and signed all other papers required of him by Martin's attorney. Judgment was rendered in Martin's favor, and the entire 200 acres of land was sold under the levy of the execution issued upon said judgment, and the property was bought in by Martin, who thereafter declined to comply with his promise which had induced Yonce to make no defense and interpose no delay to the sale of the land. Thereafter there were negotiations between the parties looking to an effort on the part of Yonce to pay off the fi. fa. and redeem the entire tract of land, but his efforts to this end were unsuccessful. Finally Martin flatly refused to comply with his agreement to deed the 25 acres to Mrs. Yonce, and the petition to compel specific performance in the instant case was filed. The case proceeded to verdict in favor of the plaintiffs, for the land in question, and for cancellation of the judgment in favor of W. C. Martin against Wesley Yonce, rendered January 31, 1924. The defendant's motion for a new trial was based upon the three usual general grounds, and amended so as to assign error upon three additional grounds: (1) That the court erred in refusing to direct a verdict for the defendant. (2) That the evidence showed conclusively that plaintiffs had elected to sue on a contract of sale of the land in question in this case and prosecuted it to a conclusion; that this action was prior to this case, which is an action on a promise to give the land in question, and said actions are inconsistent remedies between the same parties and for the same subject-matter; and that, being in a court of proper jurisdiction, the prior suit estopped plaintiffs from maintaining this action and operated as a bar to this case, and the court erred in refusing to grant a nonsuit in the present case upon defendant's motion. (3) That the court erred in allowing said case to go to the jury, in that if the present case was based upon the original contract and the former suit was based upon the original contract, it amounted to an adjudication of the subject-matter.

1. With reference to the general grounds of the motion, we are satisfied that the evidence was ample to establish the contract which the plaintiff sought to have specifically performed; and since there is no exception to any of the instructions given the jury by the court in his charge, it can not be said that the verdict is contrary to law. Since there is no exception to the charge,

and it is not even sent up for review, it must be conclusively presumed that the plaintiff in error is himself of the opinion that he has no cause of complaint that the law was not properly given in charge.

2. If there is a rule settled in Georgia (a principle, so far as we are aware, that has no exception), it is that it is never error to refuse to direct a verdict. This is a tacit concession to the fallibility of judges, itself an exception to the general rule that the court is presumed to know the law, and yet at the same time a silent assertion on the part of the trial judge that he does not tremble to instruct the jury upon the law he thinks to be involved in the case, or seek to avoid the responsibility by directing a verdict.

3. Oral evidence was introduced to show that Yonce was nonsuited in a prior suit based upon a parol contract to repurchase the 200 acres of land which had been bought in by Martin at sheriff's sale under the provisions of his security deed. It can readily be seen that this contract was unenforceable under the statute of frauds. In the case at bar neither estoppel in pais nor res adjudicata was involved. The prior suit was one brought to attempt to enforce a parol contract for the purchase by Yonce of a certain 200 acres of land at a specified price, whereas the subject-matter of the instant case is the enforcement of a promise to convey to another (Mrs. Yonce) only a certain 25 acres of land in consideration of the performance of certain acts on the part of Yonce as full payment of the purchase-price, which acts, it is now alleged, were completely performed. There is no plea of res adjudicata in this case. The record of the former trial, which was necessary to establish the fact that the two suits were the same, was not introduced in evidence, and the proof entirely failed to show that the subject-matter, the parties, and the consideration in both contracts were the same. The most that appears from the evidence is that after Yonce had accepted Martin's offer to take 25 acres of land in consideration of aiding Martin to collect his debt without delay or difficulty, he attempted to take advantage of an offer made him by Martin and buy back the entire place at the amount both parties supposed to be the same; but a disagreement as to this amount thereafter arising between them, or Yonce being unable to procure the money, he

could not comply with Martin's terms. However, the suit originated in this difference as to the purchase of the 200 acres; and the fact that the parol contract could not be enforced by reason of the statute of frauds should not relieve Martin from the obligation he assumed to Yonce upon his compliance, as he did comply, with the terms which Martin imposed. We have said this much upon what may be called the general equities of the case. Upon strictly legal principles the exception that the court erred in refusing to grant a nonsuit is without merit, because the movant in the lower court seeks a new trial upon the general ground that the verdict was contrary to the evidence. "An exception based upon the refusal of the court to award a nonsuit will not be considered, where, subsequently thereto, the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it. Where a motion for a new trial is based upon this ground, the court will review the sufficiency of the evidence as a whole, in the light of the verdict, and will not merely consider the sufficiency of the plaintiff's case to withstand the nonsuit at the particular stage at which the motion for nonsuit was made." *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (68 S. E. 743) ; *Henderson* v. *Maysville Guano Co.,* 15 *Ga. App.* 69, 71 (82 S. E. 588). It is never necessary to except to the refusal of a nonsuit, where the trial has resulted in a verdict for the plaintiff, and the defendant has excepted on the ground that the verdict is without evidence to support it; for the latter exception raises the whole question more adequately than the exception to the overruling of a motion for a nonsuit would present it. Even if a motion for nonsuit should have been sustained at the time it was made, and it was therefore erroneously overruled, nevertheless, if subsequent testimony cured the deficiency in the plaintiff's proof, the judgment would not be reversed merely because the court refused to grant the nonsuit. On the other hand, if the deficiency in the plaintiff's case was not cured by the subsequent testimony, the verdict in favor of the plaintiff would be without evidence to support it, and upon that ground would be set aside.

4. For the reasons already stated, it was not error, as alleged in the third special ground of the motion, to allow the case to go

to the jury, for the reason that there had been a former adjudication of the subject-matter. As already stated, there was no plea of res adjudicata. There was no plea of estoppel. There was no plea of election of remedies. The pleas referred to are of such a nature that they will not be considered when raised for the first time in a court of review.

*Judgment affirmed. All the Justices concur.*