## SOUTHERN RAILWAY COMPANY *v.* SLATON.

No. 9619. JANUARY 11, 1934. REHEARING DENIED MARCH 3, 1934.

*Oliver R. Hardin, Sapp & Maddox,* and *Maddox, Matthews & Owens,* for plaintiff in error.

*Mitchell & Mitchell* and *Mann & Mann,* contra.

RUSSELL, C. J.   Mrs. Dona Slaton filed suit against the Southern Railway Company for the homicide of her husband, George W. Slaton.   General and special demurrers were filed by the defendant, and to the judgment of the court overruling these demurrers the defendant excepted and carried the case to the Court of Appeals, which reversed the judgment of the court on the overruling of one of the special demurrers.   *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718).   Upon the trial of the case the court awarded a nonsuit, and the Court of Appeals reversed this judgment.   *Slaton* v. *Southern Ry. Co.,* 45 *Ga. App.* 781 (165 S. E. 883).   Upon the trial of the case now under review the defendant made a motion for a nonsuit at the conclusion of the plaintiff's evidence, the first four grounds thereof being as follows: "1st.   That the plaintiff has wholly and totally failed to prove the allegations of her petition, and particularly has failed to prove any of the acts of negligence charged against the defendant.   2nd.   That the pleadings alleged, and the undisputed evidence shows, that the deceased was killed in July, 1928, prior to the passage of the act of the General Assembly approved August 24, 1929, and that act therefore has no application and can not be relied upon in this case.   3rd.   That if for any reason said act can be applied, there is no evidence showing that the deceased was killed by the running of the locomotive or cars of this defendant, and the circumstances shown by the evidence are sufficient only to show a possible inference of that fact, and that to apply the provisions of the act of August 24, 1929, would be basing the inference and/or the preumption provided for in that act upon an inference, and that this would be insufficient in law to make out a prima facie case.   4th.   That said act of the General Assembly above referred to,. providing that proof of injury inflicted by the running of locomotives or cars of a railroad company shall be prima facie evidence of the want of skill and care on the part of the servants of the company in reference to such injury, is unconstitutional, null and void, and of no effect, in that it is violative of the due-process clause of the fourteenth amendment to the consti-

tution of the United States," for various reasons stated. The court refused the motion for nonsuit. No evidence was offered by the defendant, and the jury returned a verdict for the plaintiff. The defendant made a motion for a new trial on the three general grounds, and by amendment added eight special grounds alleging errors in the charge delivered to the jury, and in the refusal of the court to give instructions requested. The motion was overruled. Exceptions pendente lite having been taken to the judgment refusing a nonsuit, in the bill of exceptions error is assigned on the exceptions pendente lite, and on the overruling of the motion for a new trial.

The writ of error in this case seeks to review the judgment overruling a motion for new trial. Aside from the general grounds, there are eight special grounds, in which error is alleged to have been committed by the trial judge in instructions given to the jury, and in two refusals to charge the jury as requested. In addition to the assignment of error based upon the ground that the court erred in overruling the motion for a new trial, error is assigned on the exceptions pendente lite, which were duly certified as required by law. The exception to which we are now referring was to the judgment refusing to award a nonsuit at the conclusion of the plaintiff's evidence. The motion for a nonsuit was based on the grounds as set forth above. It will be seen from the motion for nonsuit that the defendant sought to attack the provisions of the act of August 24, 1929 (Ga. L. 1929, p. 315), entitled, "An act to provide that in all actions against railroad companies, and/or persons, firms, or corporations operating busses for hire, damages done to persons or property, including passengers, proof of injury inflicted by the running of the locomotives or cars of such company, or any bus, shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the person, firm or company in reference to such injury; and for other purposes," as unconstitutional, in that it is violative of the due-process clause of the fourteenth amendment to the constitution of the United States. It is only upon the theory that a constitutional question is to be adjudicated that the pending bill of exceptions could have been transmitted to this court. So the first question which presents itself is whether a constitutional question is in fact presented by the record. It is now well settled that an exception to the refusal of the court to grant a nonsuit will not be considered by this court, where a motion for new trial is made

which complains that the verdict is contrary to the evidence. *Martin* v. *Yonce,* 163 *Ga.* 694 (4) (137 S. E. 17); *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (9) (141 S. E. 653); *Jennings* v. *Williams,* 167 *Ga.* 615 (3) (146 S. E. 452); *Bush* v. *Willis,* 167 *Ga.* 718 (2) (146 S. E. 460). As appears from the preceding statement, this case has twice appeared before the Court of Appeals. These adjudications fixed the law of this case. The Court of Appeals reversed the judgment awarding a nonsuit; consequently, the court did not err in refusing a nonsuit in the trial sought to be reviewed by the present writ of error. This court will not consider an assignment of error based upon the refusal of a trial court to award a nonsuit, upon the well-settled principle that it is not harmful to a party for the court to refuse to award a nonsuit if by a ground of a motion for new trial alleging that the verdict is contrary to the evidence the same question may be better dealt with. By filing a motion for new trial in the lower court, in which the contention was presented that the finding was contrary to the evidence and without evidence to support it, and invoking a judgment on that motion, the movant effectually abandoned the motion for nonsuit in which the constitutional question was sought to be presented, and under the well-settled rules of practice such question was thereby eliminated in the trial court.

We therefore reach the conclusion that the question as to the unconstitutionality of the act of August 24, 1929, made only in the motion for the award of a nonsuit, can not now be presented, and therefore that the Supreme Court has no jurisdiction, but the Court of Appeals has jurisdiction to deal with the merits of the motion for a new trial, which is the only question presented by the writ of error.

*Transferred to the Court of Appeals. All the Justices concur, except Hill, J., absent because of illness.*