BARRON *v.* FIRST NATIONAL BANK AND TRUST
COMPANY IN MACON.

No. 11337. JULY 14, 1936. REHEARING DENIED JULY 27, 1936.

Judges Franklin, Grice, and Worrill were designated for this case, instead of Justices Atkinson, Gilbert, and Bell, disqualified.

*L. D. Moore,* for plaintiff.

*Marlin, Martin & Snow,* for defendant.

FRANKLIN, J. On November 8, 1926, Mrs. Kitty M. Barron executed to her husband, W. H. Barron, a deed to fifty acres of land, the consideration stated being natural love and affection. On that date W. H. Barron was indebted to Macon National Bank about $1500. W. H. Barron, conveyed the land, by deed containing a power of sale, to the Macon National Bank to secure that debt. Thereafter the First National Bank and Trust Company in Macon took over and obtained from the Macon National Bank said debt so existing against said W. H. Barron. Said bank sought to exercise the power of sale contained in said security deed, and advertised said land to be sold on August 6, 1935, at the court-house door in Jones County. On August 5, 1935, Kitty M. Barron, individually and as administratrix of the estate of her husband, W. H. Barron, instituted an action against First National Bank and Trust Company in Macon, seeking to cancel the deed from herself to her husband and his security deed to said Macon National Bank, and to enjoin the defendant, as transferee, from exercising the power of sale. As grounds of relief it was alleged that the execution of the deeds was the result of duress and a scheme consummated by the attorney for the Macon National Bank for the purpose of inducing the plaintiff to pledge her separate estate for her husband's pre-existing debt. She further alleged that after the execution of the deeds, by the direction and insistence of Snow, agent of the Macon National Bank, she gave her husband a check for $500, and he in turn paid said amount to said bank upon his debt.

It was stipulated on the trial in the court below that this $500 was paid in 1927. In view of this stipulation and of the plaintiff's insistence solely on her right to recover the land, the court assumes that she has abandoned her contention about the $500 payment.

■ A wife may give property to her husband (Code of 1933, § 53-506), but may not sell it to him unless the sale is allowed by order of the superior court of the county of her domicile. § 53-504. Neither can the wife bind her separate estate by any contract of suretyship, or by any assumption of the debts of her husband; nor can she sell her separate estate to a creditor of her husband in extinguishment of his debt. § 53-503. If, for the purpose of acquiring the wife's separate estate as security for the husband's existing debt, the creditor, acting individually or through his attorney, induces the wife to execute a deed purporting on its face to be a deed of gift to her husband, the purpose being to put the legal title in the husband in order that he may convey the property to the creditor as security for his debt, and in pursuance of the plan or scheme so inaugurated the husband executes and the creditor receives from him a deed to the land as security for the debt, the transaction will amount to an indirect conveyance of the land by the wife to the creditor as security for her husband's debt; and, being so, the wife has the right to repudiate the scheme or device by which she was induced to assume her husband's debt without any consideration to her. *Jackson* v. *Reeves,* 156 *Ga.* 802 (120 S. E. 541) ; *Reeves* v. *Jackson,* 158 *Ga.* 676 (2) (124 S. E. 135) ; *Glover* v. *Summerour,* 165 *Ga.* 513 (4) (141 S. E. 211) ; *Sikes* v. *Seckinger,* 164 *Ga.* 96 (5) (137 S. E. 833) ; *Frommel* v. *Cox,* 158 *Ga.* 310 (4) (123 S. E. 296) ; *Hawkins* v. *Kimbrell,* 158 *Ga.* 760 (124 S. E. 351). See *Ross* v. *Durrence,* 181 *Ga.* 52 (4) (181 S. E. 581), and cit. In the circumstances just stated the wife, individually and as administratrix of the estate of her husband, may sue the husband's creditor to cancel both the deeds as clouds on her title, and to enjoin exercise of a power of sale in the security deed from her husband to his creditor. *Jackson* v. *Reeves,* 156 *Ga.* 802 (supra).

■ Counsel for defendant rely strongly upon *Cain* v. *Ligon,* 71 *Ga.* 692 (2) (51 Am. R. 281). In that case, referring to deeds of gift by a married woman conveying her separate estate to her husband, the court held: "Such gifts will be scrutinized with

great jealousy, and, upon the slightest evidence of persuasion or influence, will be declared void, at the instance of the donor or her legal representative, at any time within five years after the making thereof." See also *Sasser* v. *Sasser,* 73 *Ga.* 275 (2), 282; *Hadden* v. *Larned,* 87 *Ga.* 634 (4), 640 (13 S. E. 806); Code of 1933, § 48-107. It will be noted that the case of *Cain* v. *Ligon* was a suit between the administrator of the wife and the husband. It was not contended that the deed from the wife to the husband was a part of a scheme, participated in by the husband's creditor, to obtain the wife's property as security for her husband's debt. Upon application of the authorities above stated, a wife's suit to cancel purported deed of gift to husband and husband's security deed to his creditor is barred as to wife's deed executed more than five years before institution of suit, where husband's subsequent security deed was an independent transaction and not part of a colorable scheme, participated in by creditor, to obtain property from wife for payment of husband's pre-existing debt.

■ If the deed by the wife to her husband was really intended as a gift, the statute would apply. But if the deed was executed merely as part of a general scheme and device, inaugurated by the husband's creditor, to pledge the property to the creditor for the husband's debt, the deed to the husband would be a mere form, and not a gift, within the meaning of the statute. If the wife had made a deed directly to the creditor, clearly the limitation invoked would have no relevancy; and the case is not different where the same result was accomplished by indirection, as by a pretended gift to the husband, followed by a deed from him to the creditor, all for the actual purpose of pledging the property of the wife as security for the husband's debt. In determining the bar, the law will look to substance and not to form; and under the allegations as made, the deed to the husband was a mere colorable transaction, participated in by the husband's creditor, not falling within the statute in reference to the time within which a gift from the wife to the husband may be set aside at the instance of the donor.

*Judgment reversed. All the Justices and Judges concur.*