## DAVIS *v.* LIBERTY COMPANY *et al.*

RUSSELL, Chief Justice. 1. "A gift by any person just arriving at majority, or otherwise peculiarly subject to be affected by such influences, to his parent, guardian, trustee, attorney, or other person standing in a similar relationship of confidence, shall be scrutinized with great jealousy, and, upon the slightest evidence of persuasion or influence toward this object, shall be declared void at the instance of the donor or his legal representative, at any time within five years after the making of such gift." Code, § 48-107. No action having been taken by the plaintiff, until more than five years had elapsed to avoid her deed to her husband, the right to have the deed canceled and avoided was barred.

2. Since there is no allegation in the petition of any collusion on the part of her creditor tending to induce or mislead the plantiff, or of any fraud committed whereby she was led to sign the obligations which are the basis of this suit, the principles applicable to these classes of cases, afford no defense to this action.

3. A power of sale given to a creditor does not require that notice of the time and place of the sale shall be given to the debtor, unless it is so expressly stipulated in the power of sale.

4. In view of the foregoing rulings, the court did not err in dismissing the action.

5. The court, having only allowed the filing of the amendment in this case subject to demurrer and objections thereto, if any, and having expressly reserved the right to revoke the ruling temporarily allowing the filing of the amendment, did not err in sustaining the demurrer to the amendment offered by the plaintiff; for it followed as a natural consequence of the ruling dismissing the original petition in response to the oral motion to strike. *Judgment affirmed. All the Justices concur.*

No. 11381. NOVEMBER 11, 1936.

*Roy S. Drennan,* for plaintiff.
*E. G. Jackson* and *J. S. Nunnally,* for defendants.