WATERS *et al. v.* TILLMAN.

No. 14166.   SEPTEMBER 21, 1942.

*John F. Brannen* and *B. H. Ramsey,* for plaintiffs in error.
*Deal & Renfroe* and *George M. Johnston,* contra.

JENKINS, Justice. ■ Generally the right to specific performance is mutual; when one party can compel performance, so can the other; and the decree can compel the execution and delivery of deeds or other instruments, including a mortgage. *Clark* v. *Cagle,* 141 *Ga.* 703, 706 (82 S. E. 21, L. R. A. 1915A, 317), and cit.; *Woodall* v. *Williams,* 176 *Ga.* 343, 344 (167 S. E. 886). Accordingly, where, as here alleged, a contract for the purchase of land provided that the purchaser, upon obtaining a deed from the seller, would execute a deed to secure an unpaid balance of the purchase-price, and the seller's deed was delivered, but the purchaser refused to execute the security deed, equity would have jurisdiction of a suit by the seller for specific performance, to enforce the terms of the purchaser's agreement. Upon proper proof of such a contract and its terms, a money verdict for the seller, with a special lien on the land, could be rendered, as was here taken, where under the averments and evidence the agreed obligation would have matured before the trial; and in seeking such relief, the suit was not changed into one at law, where the amount recovered was not sought and allowed as damages for a breach of contract, but as the balance due under the contract of sale and agreed lien. See Code, § 37-801; 58 C. J. 1236, note 99, and cit. Under the conflicting testimony as to the existence of the alleged contract, and as to what if any amounts had been paid thereon by the defendant purchasers, the verdict in favor of the plaintiff seller was authorized.

■ It is well settled that an exception to the refusal of a nonsuit will not be considered, where, after a verdict for the plaintiff, the general grounds of the defendant's motion for new trial complain that the verdict is contrary to the evidence and without evidence to support it. *Southern Ry. Co.* v. *Slaton,* 178 *Ga.* 314, 316 (173 S. E. 161), and cit.; *Foremost Dairy Products Inc.* v. *Sawyer,* 185 *Ga.* 702 (5), 716 (196 S. E. 436). Accordingly, since the question as to the sufficiency of the plaintiff's evidence was raised by the

defendant's general grounds, the exception to the refusal of a non-suit will not be considered.

■ While it was held in *Robinson* v. *Reynolds,* 194 *Ga.* 324 (21 S. E. 2d, 214), where there was in effect an express agreement by a lienholder that the amount received from a Federal loan would satisfy his lien, that the beneficent purpose of loans by Federal agencies under the emergency farm-mortgage act was to enable persons in debt and without ability to make payment to constitute such agencies the sole creditors, thereby eliminating by way of compromise all other creditors; and while such is the dominant purpose of the act, it is not the sole purpose, since express provision is made, not only for the adjustment and consolidation of prior indebtedness, but specifically "for the purchase of land for agricultural uses" and for other purchases and improvements. 12 U. S. Code Ann. §§ 771 (4), 1016, and Cum. Supp. with amendment of 1937. Under the act of 1933 as amended, even with respect to prior indebtedness, the land bank commissioner is authorized to make loans where the prior lienholder has agreed to the satisfaction of the commissioner to limit his right to proceed against the debtor and his farm property for a default as to the principal; this provision being as follows: "No loan shall be made under this section, unless the holder of any prior mortgage or instrument of indebtedness secured by such farm property arranges to the satisfaction of the land bank commissioner to limit his right to proceed against the farmer and such farm property for default in payment of principal." U. S. Code Ann. § 1016 (2). Accordingly, even with respect to prior mortgages, it is not necessarily true that, under the dominant purpose and intention of the act, all prior mortgages shall be satisfied and extinguished so as to preclude the taking of a subordinate lien. Johnstown Bank *v.* Runnels, 65 Ohio App. 504 (30 N. E. 2d, 709), and cit.; Holien *v.* Staveteig, 70 N. Dak. 36 (291 N. W. 541), and cit. See also, to like effect, decisions under the home owners loan act of 1933 as amended (12 U. S. Code Ann., §§ 1462, 1463): Bay City Bank *v.* White, 238 Mich. 267 (277 N. W. 888); Sirman *v.* Sloss Realty Co., 198 Ark. 534 (129 S. W. 2d, 602); Council *v.* Cohen, 303 Mass. 348 (21 N. E. 2d, 967). As to cases where the lienholder's taking of a second lien was in contravention of his express agreement to satisfy his indebtedness, see *Robinson* v. *Reynolds,* supra, and cit.

In the instant case the loan was not made to liquidate a prior indebtedness of the borrower, but was negotiated for the purpose of enabling the borrower to purchase land for agricultural uses, as expressly authorized under the terms of the Federal statute. In such a case, it is clear that in the absence of any agreement or understanding on the part of the vendor, who is the plaintiff in this case, to accept the proceeds of the loan from the Federal agency as in full of the agreed purchase-price, he would not be required to do so under the terms of the statute; and that an agreement by the borrower to negotiate a second lien for the balance of the purchase-price would be a valid and binding obligation. On the issue as to whether or not any such agreement or understanding by the vendor was had, the evidence was in conflict, and the jury were authorized to find that there was no such agreement or understanding.

■ There is no merit in any of the special grounds. The court sufficiently charged the jury as to the necessity for the proof to show a complete, definite, and certain contract, and even charged, favorably to the defendants, that the evidence should "leave no reasonable doubt." The exception to the instruction as to a finding for the plaintiff seller, if the jury believed the contract proved "by a preponderance of the testimony, so clearly and distinct that there can be no mistake about it," for the amount sued for, less credits, on the ground that this charge was "contrary to law," because "defendant admitted that he did not know what the credits should have been and [depended] entirely on third parties to establish that fact," fails to show error, since it does not negative the existence of such testimony by the "third parties," and since it is covered by the general grounds. The exception that it was error to "admit testimony" of the attorney who handled the loan transaction with the Federal agency, "when no agency or relationship of an attorney to [the plaintiff seller] was established," can not be considered, because the ground does not show the testimony or objection thereto. But even if the exception were sufficient, under the preceding ruling the testimony as to whether the attorney represented the plaintiff as well as the defendants in obtaining the loan from the Federal agency was not such as to demand a finding in favor of either side, but all such testimony was properly admitted and left for determination by the jury.

■  Under the preceding rulings, the court did not err in refusing a new trial to the defendants.

*Judgment affirmed.   All the Justices concur.*