SHIRLEY *v.* MULLIGAN *et al.*

No. 15956.   OCTOBER 16, 1947.

*W. E. Spence* and *Allen, Harris & Henson,* for plaintiff in error.
*D. B. Phillips* and *W. L. Nix,* contra.

748

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ While an administrator is entitled to the possession of the lands for the purpose of paying debts and division, yet where there is no administration or if the administrator consents thereto, the heirs at law may take possession of the lands or may sue for them in their own right. Code, § 113-907. In such a suit by the heirs, it is necessary that the petition allege that there was no administration or that the administrator has been discharged before the suit was filed or that he consented to the bringing of such action by the heirs. *Arnold* v. *Freeman*, 181 *Ga.* 654 (183 S. E. 811); *Yerbey* v. *Chandler*, 194 *Ga.* 263 (21 S. E. 2d, 636). It is not required in such an action that the petitioners allege that there are no debts against the estate. The ground of demurrer in the instant case, assailing the petition by the heirs at law for recovery of the land upon the ground that it contained no allegation that the estate owed no debts, is therefore without merit, and the court did not err in overruling the same.

■ Under the provisions of the Code, § 67-115, where the possession of property is surrendered to the mortgagee, the mortgagor may redeem the property at any time within ten years from the last recognition by the mortgagee of the mortgagor's right to redeem the property. If there was nothing more involved here than the right to redeem, the action would not be barred. However, the petition shows a conveyance by the mortgagor to the mortgagee by warranty deed in January, 1940, and possession by the grantee thereunder. These allegations make necessary a consideration of the principle of law embodied in the Code, § 85-407, providing that adverse possession under color of title for seven years shall ripen into title by prescription. The present suit was filed in May, 1947, which was more than seven years after the time the grantee took possession as shown by the petition. The petition seeks cancellation of the warranty deed because of alleged fraud in its procurement. The Code section last cited declares that, if such written title is fraudulent and notice of such fraud is brought home to the claimant or prescriber before or at the time of the commencement of his possession, no prescriptive title can be based thereon. This principle of law denying the benefit of prescriptive title to one holding possession fraudulently has been repeatedly declared by this court. *Smith* v. *Donalson*, 137 *Ga.* 465 (73 S. E. 577);

*Chattahoochee Fertilizer Co.* v. *Quinn,* 169 *Ga.* 801 (151 S. E. 496); *Quarterman* v. *Perry,* 190 *Ga.* 275 (9 S. E. 2d, 61); *Metropolitan Life Insurance Co.* v. *Hall,* 191 *Ga.* 294 (12 S. E. 2d, 53). But one seeking to cancel a fraudulent deed is also subject to a time limit. By a long line of decisions of this court it is established beyond question that an action such as the present one, seeking the cancellation of an alleged fraudulent deed, must be brought within seven years from the time the fraud became known. *Cade* v. *Burton,* 35 *Ga.* 280; *Knox* v. *Yow,* 91 *Ga.* 367 (5) (17 S. E. 654); *McWhorter* v. *Cheney,* 121 *Ga.* 541 (49 S. E. 603); *Pierce* v. *Middle Georgia Land Co.,* 131 *Ga.* 99 (61 S. E. 1114); *Beasley* v. *Smith,* 144 *Ga.* 377 (87 S. E. 293); *Robinson* v. *Smith,* 159 *Ga.* 269 (125 S. E. 593); *Stephens* v. *Walker,* 193 *Ga.* 330 (18 S. E. 2d, 537); *Slade* v. *Barber,* 200 *Ga.* 405 (37 S. E. 2d, 143). The petition here does not make the specific allegation that the defendant went into possession of the land involved in January, 1940, the date of the deed sought to be canceled, but it does allege that the defendant took possession and seeks to recover mesne profits from the date therein, which was January, 1940, thus showing possession by the defendant for more than seven years and knowledge upon the part of the petitioners and their father, the grantor, of the facts alleged to constitute fraud. More than seven years having elapsed since the alleged fraud was committed and knowledge thereof by the grantor and his heirs, the petitioners, the above-referred-to limit of seven years is applicable, and the action is barred. Accordingly, the trial court erred in overruling the grounds of demurrer to the petition, which asserted that the action was barred.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*