HOWARD *et al. v.* LEE *et al.*

No. 17684.    ARGUED JANUARY 14, 1952—DECIDED FEBRUARY 13, 1952.

*Wilson & Wilson, Leon A. Wilson II* and *Herbert W. Wilson,* for plaintiffs in error.

*J. Mack Barnes, Gibson & Maddox* and *J. D. Blalock,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ▮▮ The rulings announced in the first and second headnotes do not require elaboration.

▮ Special ground 4 of the amended motion for a new trial complains of the charge: The petitioner asks "that a certain contract be canceled, that is, the part as to the sale of the land. She alleges and claims that she sold a tractor, but the part of the contract that alleges that she sold the land she asks to be canceled. That is what is known as reformation of a contract." This instruction was not, as contended, error as being the expression of an opinion that the claims of the petitioner were sufficient to make out a case authorizing reformation of the contract.

Special ground 5 complains of the charge: "The issue which you are to try and determine . . is whether or not you will cancel that part of the contract referring to the land, or whether or not you will grant the prayers of the defendant and require that all of the contract be carried out." The brief of counsel for the plaintiffs in error contains a statement: "The judgment of the court is molden to correct the error of not submitting abatement of purchase price, and this error is abandoned." Accordingly, this ground does not present any question for decision by this court.

Special ground 6 complains because the court, after charging the law in reference to the burden being on the petitioner to prove the case by a preponderance of the evidence, instructed the jury that the same rules of evidence apply to the defendants on the prayers of their petition. The defendants having filed a cross-petition seeking specific performance of the entire contract, the above charge was not error for any reason assigned.

Special ground 7 complains of the charge: "Where by the act or consent of the parties or the act of a third person or of the law one person is placed in such relation to another that he becomes interested for him or with him in any subject or property, he is prohibited from acquiring rights in that subject or property antagonistic to the person with whose interest he has

become associated." This language was taken from Code § 37-708. While it might have been better not to have given the above Code section in charging the jury, an examination of the pleadings and evidence fails to show how the instruction could have injured the defendants.

Special ground 8 complains because the court, in charging on actual fraud, instructed the jury that, if such "misrepresentations were made by mistake and innocently to the detriment of another and amounting only to legal fraud, it would be effectual for that purpose." This charge was not error for the reason as contended that it amounted to a charge on constructive fraud and was not authorized by the pleadings and evidence.

Special ground 9 complains because the court erred in failing to submit to the jury the allegations of the movants to the effect that they denied the charges of fraud raised by the pleadings and evidence of the petitioner. The court did instruct the jury that the defendants filed their answer in which they ask that the contract, which has been alleged, be specifically performed and carried out in the terms alleged in the contract. It is the duty of counsel to aid the court in determining what issues should be submitted to the jury. *Anderson* v. *State,* 196 *Ga.* 468, 471 (26 S. E. 2d, 755). Accordingly, there is no merit in this ground.

Special ground 10 complains that the court erred in failing to charge any definition of what legal excuses exist for the petitioner not to have read the contract of sale before signing same. The court did charge: "A party to a contract who can read must read or show a legal excuse for not doing so; and that fraud which would relieve a party who can read must be such as would prevent him from reading." If additional instructions were desired, an appropriate request should have been made therefor.

■ In passing on the general grounds of a motion for new trial, it is the duty of this court to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. *Ingram* v. *State,* 204. *Ga.* 164, 184 (48 S. E. 2d, 891).

The purported contract to sell was written in pencil, and from the date of the alleged execution until the date of the trial the defendants refused to allow the petitioner to see it. An inspection of the photostatic copy of the contract discloses signs of

erasures. The manner in which the words are closely written shows that something could easily have been added to the original draft. The figures in the first paragraph, stating the consideration of the contract, appear to have been changed from $1550, which was the amount agreed on for a sale of the tractor, to $13,550. Some words have been added on the margin. The whole page is covered with writing, whereas the evidence for the petitioner is that there was only a little written at the time the contract was signed.

The above evidence was sufficient to authorize a finding by the jury that the contract had been changed, after it was signed, so as to include a sale of the land, and to authorize the verdict in favor of the petitioner.

*Judgment affirmed. All the Justices concur.*