VINSON *v.* CITIZENS & SOUTHERN NATIONAL BANK, administrator, *et al.*

No. 17752. ARGUED FEBRUARY 11, 1952—DECIDED MARCH 12, 1952.

816

*Hollingsworth & Hollingsworth,* for plaintiff in error.
*Hilton & Hilton,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.)  ■  The original petition contained enough to amend by

(Code, § 81-1301; *Calhoun* v. *Edwards*, 202 *Ga.* 95 (2), 42 S. E. 2d, 426), and the motion to dismiss, on the ground that the action was barred by the statute of limitations, was met by the first amendment which alleged that the grantor, now deceased, never learned of the fraud perpetrated on her by the defendant. Accordingly, the trial court did not err in allowing the amendment, or in overruling the defendant's renewed motion to dismiss, as to The Citizens & Southern National Bank, as guardian of Linton Stiles Harrison.

While the second amendment set forth an inconsistent reason for canceling the deed, yet, the objection to the allowance of this amendment did not seek to require the petitioner to elect which reason it was relying upon. See *Saliba* v. *Saliba*, 201 *Ga.* 577 (3) (40 S. E. 2d, 511). The amendment did not, as contended, set forth a new cause of action, nor did it add any new parties plaintiff. In the above circumstances, the trial court did not err in allowing the second amendment, or in overruling the defendant's renewed motion to dismiss the petition.

■ The next insistence is that the trial court erred in refusing a motion of the defendant that The Citizen & Southern National Bank be nonsuited as administrator de bonis non with the will annexed of the estate of Mattie L. Vinson.

While the court had already sustained a motion to dismiss the bank as administrator de bonis non, still, had such motion been overruled, an exception to the refusal of a nonsuit will not be considered, where, after a verdict for the petitioner, the general grounds of the defendant's motion for new trial complain that the verdict is contrary to the evidence and without evidence to support it. *Martin* v. *Yonce*, 163 *Ga.* 694 (4) (137 S. E. 17); *Southern Ry. Co.* v. *Slaton*, 178 *Ga.* 314, 316 (173 S. E. 161); *Waters* v. *Tillman*, 194 *Ga.* 552 (2) (22 S. E. 2d, 173); *Howard* v. *Lee*, 208 *Ga.* 735 (69 S. E. 2d, 263).

■ The first special ground of the motion for new trial complains of the admission in evidence of a duly certified copy of a marriage certificate, showing that the defendant and Bertie Lee Wells were married in South Carolina on February 2, 1941. The marriage certificate was admissible, in support of the petitioner's theory of the case, for the purpose of showing that fraud was perpetrated by the defendant upon the grantor in obtaining

the deed dated May 1, 1942, wherein it was recited that the conveyance was made in consideration of the love and affection that the grantor bore to her husband, the defendant.

The second special ground complains of the refusal to allow a witness for the defendant to testify that he recalled a conversation in 1942 between Mrs. Foster and the defendant, in the presence of the grantor, wherein Mrs. Foster accused the defendant of "lying up" with her sister (the grantor), and that the grantor did not deny her sister's accusation. Mrs. Foster was not a party to the action, and any statement made by her to the defendant would have been hearsay. Furthermore, Mrs. Foster testified: "I don't know if my sister was aware of the fact that she was divorced at the time of making this deed. . . I guess she must have been. . . She found him out before the last."

■ Special grounds 3 to 8 inclusive except to the refusal of timely written requests to charge. "A request to charge the jury must be correct, and even perfect; otherwise refusal to give it is not error. It must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." *Lewis* v. *State*, 196 *Ga.* 755 (3) (27 S. E. 2d, 659).

Ground 3 complains of the refusal to charge: "Equity gives no relief to one whose long delay renders the ascertainment of truth difficult, though no legal limitation bars the right. . . The limitations herein provided shall apply equally to all courts; and in addition to the above, courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." The first sentence of this request is taken from Code § 37-119, and the second sentence from Code § 3-712. The limitations referred to in the latter portion of the request include various limitations of actions (many of which would not have been applicable to the present case) which are set out in Code §§ 3-701 to 3-711 inclusive. Furthermore, the language contained in the request, "the limitations herein provided shall apply equally to all courts," without setting forth in such request what the preceding limitations were, would have been an incomplete statement of the law. The assignment of error is to the refusal to give the whole of the above request; and since

a portion of the charge was an incomplete statement of the law, the court did not err in refusing the request. *Etheridge* v. *Hobbs,* 77 *Ga.* 531, 534 (4) (3 S. E. 251).

The requested charge in ground 4 was: "Equity is ancillary, not antagonistic, to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." This request is taken from Code § 37-103. In charging on prescription, the court instructed the jury: "Prescription under color of title would become complete after seven years and by an analogy the period of limitation applicable to fraud complained of in this case is the same to that which is applied to an ordinary action for the recovery of land, to wit: seven years after the discovery of the fraud." The court also charged: "If Vinson [the defendant] did go away and remained away and just came back occasionally and let his former wife, Mattie L. Vinson, operate the farm and turned the possession over to her for the particular piece of property while he was away and let her manage and collect rents and send the rents to him, and sell timber on the property, if you find any timber was sold, or if you find that she rented it and collected the rents and sent the money to him or part of the monies to him, if you find that, from the evidence, you should find a verdict in favor of the defendant." The court having so instructed the jury, there was no occasion to charge Code § 37-103.

The requested charge in ground 5 was: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." This request is taken from Code § 37-104. There is no contention that the grantor received any money that she should have returned or tendered to the defendant. While the defendant averred in his answer that the deed constituted a gift to him at a time when the grantor was deeply obligated to him for assistance he had given her for many years in the management of her farm, nevertheless, there was no evidence to support this allegation. In the absence of any evidence on this question, the court did not err in refusing the request.

The requested charge in ground 6 was: "A gift by any person just arriving at majority, or otherwise peculiarly subject to be affected by such influences, to his parent, guardian, trustee,

attorney, or other person standing in a similar relationship of confidence, shall be scrutinized with great jealousy, and, upon the slightest evidence of persuasion or influence toward this object, shall be declared void at the instance of the donor or his legal representative, at any time within five years after the making of such gift." This court has held that Code § 48-107, from which the above request was taken, applies to the relationship of husband and wife, and that the wife's right to cancel a deed of gift to her husband is limited to five years. *Cain* v. *Ligon*, 71 *Ga.* 692 (2) (51 Am. R. 281); *Ball* v. *Moore*, 181 *Ga.* 146 (3) (182 S. E. 28); *Davis* v. *Liberty Co.*, 183 *Ga.* 286 (1) (188 S. E. 344). However, the pleadings and uncontradicted evidence in the present case showed that the grantor and the defendant were not husband and wife on the date that the deed was executed. In such circumstances the court did not err in refusing the request. Compare *Barron* v. *First National Bank & Trust Co.*, 182 *Ga.* 796 (3) (186 S. E. 847).

The requested charge in ground 7 was: "But one seeking to cancel a fraudulent deed is also subject to a time limit. By a long line of decisions of this court it is established beyond question that an action . . seeking the cancellation of an alleged fraudulent deed, must be brought within seven years from the time the fraud became known." This request is taken from the language of the opinion in *Shirley* v. *Mulligan*, 202 *Ga.* 746, 749 (44 S. E. 2d, 796). Some of the above-quoted language is argumentative. In so far as the request was properly adjusted to the pleadings and evidence, it was sufficiently covered by the charge as given, to wit, that the period of limitation applicable to the fraud complained of in this case was "seven years after the discovery of the fraud."

The requested charge in ground 8 was: "An absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed." This request is taken from *Brand* v. *Power*, 110 *Ga.* 522 (1) (36 S. E. 53). It was alleged that the defendant promised to remarry the grantor and take care of her and her incompetent son the remainder of their lives; that the defendant failed to carry out these promises and is insolvent and unable to respond in damages.

However, there was no evidence that would have authorized any instruction on the above pleading and, accordingly, the court did not err in refusing the request.

In so far as any of the above requests to charge were properly adjusted to the pleadings and the evidence, they were sufficiently covered by the charge as given.

■ Special· ground 9 complains that the court erred in charging the jury: "You are made by law the sole and exclusive judges of the credibility of witnesses. In passing upon their worthiness of belief, you may consider all the facts and circumstances of this case, the witnesses and manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, and the nature of the facts to which they testified, and the probability or improbability of their testimony, and also their personal credibility so far as the same legitimately appears from the trial of the case." The criticism is that, in giving the above charge, the court omitted the provision that the jury might also consider the witnesses' "interest or want of interest." When the trial judge undertakes to state to the jury the principles of the Code, § 48-107, as to how the preponderance of evidence should be determined, it is his duty to instruct them fully and completely with respect thereto, so far as relevant to the case on trial. *Renfroe* v. *Hamilton,* 193 *Ga.* 194 (2) (17 S. E. 2d, 709)*, and citations. However, in the present case there was no material conflict in the testimony of any of the witnesses, except as to the cutting of timber, and witnesses who testified on that question had no interest in the verdict. The grantor was dead and her incompotent son, who was to receive practically her entire estate, did not testify. In such circumstances, the failure of the court, in the absence of any request, to charge that the jury might also consider the witnesses' interest or want of interest was not error. *Georgia Power Co.* v. *Burger,* 63 *Ga. App.* 784 (1) (11 S. E. 2d, 834).

Special ground 10 complains that the court erred in not clarifying the issues made by the pleadings and the evidence. After stating the contentions of the parties, the court said: "Now, gentlemen, in undertaking to state to you about the allegations of the plaintiff and the defendant, I haven't gone into all the details. You will have out with you the petition, the amended

petition, the answer and the amended answer and all of the the papers in the case, and you have the right to refer to them as often as you see fit, in your consideration, but remember that the petition and answer is not evidence." It is the duty of counsel to aid the court in determining what issues should be submitted to the jury. *Anderson* v. *State*, 196 *Ga.* 468, 471 (26 S. E. 2d, 755). If counsel in the present case desired any additional instruction on the issues as submitted, a request so to charge should have been presented to the trial court.

■ The evidence was sufficient to support the verdict for the petitioner, and the trial court did not err in overruling the defendant's motion for new trial as amended.

*Judgment affirmed. All the Justices concur. Duckworth, C.J., concurs specially.*

DUCKWORTH, C.J., concurring specially. I concur in the judgment and in the opinion except in so far as the opinion holds that, since the general charge covers the substance of the written requests, it was not error to fail to charge as requested. It is my opinion that all of the written requests were subject to the criticism that they were inapt or incorrect, and, for these reasons, it was not error to refuse to charge as requested.