66895. SCHOFIELD v. FEARON et al.
66896. CALLNER v. FEARON et al.

POPE, Judge.

Appellees Helen M. Fearon and Edward G. Hitt brought this action for declaratory judgment against appellant Ruthanna Schofield. Appellees sought the imposition of a "valid judicial lien superior in priority to any interest [Schofield] may have" in certain real property awarded to her pursuant to a final judgment and decree of divorce. Schofield answered the complaint and filed a third-party action against appellant Bruce W. Callner, Schofield's attorney in the divorce proceedings. The third-party complaint alleged negligence and/or breach of contract and sought recovery of "any and all sums required to pay off or satisfy any lien found to be existing in favor of [appellees]. . . ." Both Schofield and Callner appeal from an order of final judgment entered by the trial court granting appellees' motion for summary judgment and denying Schofield's motion for judgment on the pleadings. It appears from the record on appeal that the third-party action is still pending below.

The sequence of events leading to the instant declaratory judgment action was as follows. On September 3, 1978 appellees

Fearon and Hitt filed a lawsuit in the State Court of DeKalb County against Garvin A. Aycock, III, who at the time was the husband of appellant Schofield. On November 21, 1978 Aycock entered into an Agreement and Covenant Not to Execute Judgment (hereinafter, the "Agreement") with appellees whereby Aycock agreed to the entry of a judgment (hereinafter, the "Consent Judgment") against himself in the above-mentioned lawsuit. Pursuant to the terms of the Agreement, appellees agreed not to record the Consent Judgment or execute on said judgment in consideration of the agreement of Aycock to make certain payments to appellees in satisfaction of the Consent Judgment. In the event of any default on the Agreement, however, appellees were entitled to immediately record the Consent Judgment on the General Execution Docket or like record of any court in this state or elsewhere and exercise any remedy afforded them. On January 16, 1980, pursuant to the terms of the Agreement, the Consent Judgment (in the amount of $28,674 plus costs and interest) was signed by a judge of the State Court of DeKalb County and consented to by both Aycock and his attorney.

On August 15, 1980 Schofield filed a divorce action against Aycock. She was represented therein by appellant Callner. In connection with the divorce action, Schofield filed a lis pendens on certain real property (hereinafter, the "subject property") titled in her husband, Aycock, located at 1234 Bellair Drive, N.E., Atlanta, DeKalb County, Georgia. Thereafter, Aycock defaulted on the Agreement. On December 12, 1980, as a result of Aycock's default on the Agreement and pursuant to the terms of the Agreement, appellees entered the Consent Judgment on the General Execution Docket in DeKalb County. On February 5, 1982 a final judgment and decree was entered in the divorce action. Pursuant to that judgment, Aycock's titled interest in the subject property was awarded to Schofield. There appears no dispute in the record here that title to the subject property was in Aycock's name at all relevant times, i.e., at the time appellees obtained the Consent Judgment, at the time Schofield filed her divorce action and lis pendens, at the time appellees recorded their Consent Judgment, and at the time the final judgment and decree was entered in the divorce proceeding.

1. Appellants first contend that because Schofield's lis pendens notice was filed before the Consent Judgment was recorded, appellees could not acquire an interest in the subject property so as to frustrate the full legal effect of the final judgment and decree of divorce. See generally *Tinsley v. Rice,* 105 Ga. 285 (31 SE 174) (1898). Although the arguments made by appellants in support of this contention are persuasively presented, there is compelling authority contrary to their position.

Our Supreme Court in *Carithers v. Venable,* 52 Ga. 389 (2) (1874), held: "It is going very far to construe the divorce laws so as to tie up the property of the husband from sale by him, or from debts contracted by him after the separation. This is, however, . . . the provision of the Code. But the husband is, by the same section of the Code, authorized to sell, bona fide, in payment of pre-existent debts: [OCGA § 19-5-7 (Code Ann. § 30-112)]. Our opinion is, that a bona fide creditor may also sue his debt to judgment, and if he gets a lien before the property is set apart to the wife by the final judgment, the lien is good — she takes subject to it. This, as it seems to us, is fair, and in harmony with the provisions of the Code. Debts existing at the time of the separation have a high equity, and if they be reduced to judgment before the rights of the wife are fixed by a judgment, they ought, we think, under the general rules of our law, giving preference to the oldest judgment, to be first paid. To say that the lien of the wife retroacts to the date of the separation, so as to take away a right then existing in creditors, to sue and get a lien, is unjust to the creditor, who contracted with no such view. We are, therefore, of opinion that . . . a good judgment [of] superior date would give it preference to the judgment in favor of the wife." Id. at 394. The facts in the case at bar are not significantly different from those in *Carithers v. Venable,* supra, and although the Code has been modified considerably since 1874, the law which provided the basis for the holding in *Carithers* is essentially the same today. Therefore, appellants' first contention provides no ground for reversal.

2. Appellants also contend that summary judgment in favor of appellees was incorrect because a genuine issue of material fact exists as to whether Aycock had title to the subject property against which appellees' lien could attach. Schofield admitted in her answer that Aycock "held a titled interest in the [subject] property" prior to the entry of the final judgment and decree of divorce. Pursuant to the terms of the final judgment in the divorce action, title to the subject property was "restored into the name of [Schofield]." This was based upon the jury verdict which made the award "in lieu of alimony." Callner averred in his affidavit that Schofield had claimed that Aycock's fraudulent representations had induced her to transfer the subject property to Aycock and that because of this alleged fraud, the transfer to Aycock was invalid. See generally OCGA § 23-2-60 (Code Ann. § 37-709).

Assuming arguendo that Schofield has set forth sufficient averments of fraud in this case as to the circumstances of her deed to Aycock of the subject property (see generally OCGA § 9-11-9(b) (Code Ann. § 81A-109)), there is neither an allegation nor any evidence of record that appellees were involved in or in any manner

aware of Aycock's alleged fraudulent behavior until after their judgment had become a valid lien upon the subject property. Under these circumstances, appellees were not affected by Aycock's alleged misconduct and their lien upon the subject property was not vitiated thereby. See *Hadden v. Larned,* 87 Ga. 634 (8) (13 SE 806) (1891); 8 EGL Deeds, § 106, p. 401 (1978 Rev.); see also *Barron v. First Nat. Bank &c.,* 182 Ga. 796 (1) (186 SE 847) (1936); *Simmons Hardware Co. v. Timmons,* 180 Ga. 531 (3) (179 SE 726) (1935).

For the reasons set forth herein, the trial court did not err in granting appellees' motion for summary judgment and in denying appellant Schofield's motion for judgment on the pleadings.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1984 —
REHEARINGS DENIED FEBRUARY 21 AND FEBRUARY 23, 1984 —

*Taylor W. Jones, C. Cyrus Malone III, Timothy R. Brennan,* for appellant (case no. 66895).

*Bruce H. Beerman, Allie S. Edwards, Jerry B. Blackstock, Karen D. Wildau, Kenneth A. Shapiro,* for appellees.

*Bruce H. Beerman, Allie S. Edwards,* for appellant (case no. 66896).

*Kenneth A. Shapiro, Jerry B. Blackstock, Karen D. Wildau, Taylor W. Jones, C. Cyrus Malone III,* for appellees.